# SUPREME COURT

OF

# I L L I N O I S.

---

## THIRD GRAND DIVISION.

### SEPTEMBER TERM, 1867.

---

ISAAC WELLS, Survivor, etc.,

*v.*

MERCIE H. MILLER, Administratrix, etc.

1. ESTATES — *concerning claims against — what a sufficient presentation of same — within meaning of the statute.* Where a party having an account against a deceased person, on two occasions, within two years after letters of administration had issued, presented the account to the administratrix, first, by giving a copy of it to one S. at her request, and, secondly, by giving a copy of it to the attorney of the estate, whom the administratrix had instructed to see the party holding such account, and settle the same, — *held,* that this was a sufficient presentation of the account within the meaning of the statute; the administratrix having been, by such act, fully informed of the precise amount and character of the claim.

2. SAME — *concerning act of February,* 1859 — *creates no new rule.* The act of February 21, 1859, creates no new rule in this regard. It is very imperfect, and as it stands is simply directory as to the mode of prosecuting a claim in the County Court.

3. STATUTE OF WILLS — *not repealed by the act of February,* 1859. Nor does this act, either directly, or by implication, repeal the 116th section of the statute of wills.

3 — 45TH ILL.

4. JURISDICTION — *of Circuit Courts—over suits against executors, not affected by act of* 1859. Nor does it oust the Circuit Court of its jurisdiction over suits against executors and administrators, to be determined according to the provisions of that statute.

5. ESTATES — *claims against — concerning two years' limitation — how prevented.* The running of the two years' limitation may still be prevented, by presenting the claim or account to the administrator.

6. SAME — *judgment against — when payment of to be made in due course of administration.* Where, in an action against an administratrix, for property sold her deceased husband, the demand was resisted on the ground that the claim had not been exhibited within two years after letters of administration had been granted, and a judgment was rendered in favor of the plaintiff, directing payment to be made out of assets to be thereafter discovered and inventoried, — *held,* it appearing that such claim had been presented within the two years, as required by the statute, the judgment should have directed payment to be made in due course of administration.

WRIT OF ERROR to the Superior Court of Chicago.

This was an action of assumpsit brought by Isaac Wells, survivor of Isaac Wells, and John Sears, plaintiff in error, against Mercie H. Miller, administratrix of Joseph C. Miller, deceased, defendant in error, to recover a balance due them upon the purchase price for lumber sold to the deceased. The defendant pleaded the general issue, and also gave notice that she should resist the allowance of the claim, on the ground that it was not exhibited against the estate of said Miller, deceased, within two years after letters of administration had been granted to her. A jury was waived, and the cause tried by the court, who gave judgment for the plaintiffs for the sum of $1,437.01 damages and costs, "to be satisfied out of such estate or assets of said J. C. Miller, as may be or may have been discovered, after two years from the granting of letters of administration on said estate, and not inventoried or accounted for by said administratrix." Whereupon the plaintiff prosecuted his writ of error to this court.

Messrs. RICH & WATERMAN, for the plaintiff in error.

Mr. J. S. PAGE, for the defendant in error.

Mr. Justice Lawrence delivered the opinion of the Court:

This was an action of assumpsit brought by Wells & Sears against Mercie H. Miller, administratrix of Joseph C. Miller, deceased, to recover a balance due them for lumber sold. The defendant resisted the allowance of the claim, on the ground that it had not been exhibited within two years after letters of administration had been granted.

The 116th section of the statute of wills provides, that the manner of exhibiting claims may be by serving a notice of such claim on the executor or administrator, or by presenting them the account, or filing it in the court of probate. It appears by the proof that a copy of the account was furnished to Seymour, the son-in-law of defendant, who called upon the plaintiffs, at her request, to procure a copy, and that subsequently she requested Rucker, her attorney for the estate, to see plaintiffs in regard to a settlement. He did see them, and a copy of the account was again furnished to him. We are of opinion that this was a sufficient *presentation* of the account, within the meaning of the statute. The administratrix was fully informed of the precise amount and character of the claim, and a copy of the account was twice furnished her through her agent. The claim was not, therefore, barred by the lapse of the two years.

The act of February 21, 1859, is quoted by the counsel for the administratrix, as applicable to this case, but that act clearly creates no new rule in this regard. It provides that whenever a person having a claim against an estate, fails to present it at the term of the court selected by the administrator, it shall be the duty of such person to file a copy with the county clerk, with an order for summons to the administrator. The act then directs the suit to be docketed and heard at the return term, unless continued for cause shown. But no time is prescribed within which the claim shall be filed with the county clerk, and even if we were to assume that the legislature intended the claim should be filed at the next term after that selected by the administrator, the law does not declare the

consequence of a failure to file it. But we have no right to assume this, as the legislature has not said it. Neither have we any right to say that the claim shall be barred under this act if not filed at a particular time, or what shall be the consequences. The act is very imperfect. We cannot say whether the penalty for not filing was designed to be loss of the debt, or only its postponement to other claims, or perhaps the payment of all costs by the claimant. It would be pure legislation in us, if, in the absence of any direction in the act as to the time when the claim should be filed with the county clerk, and as to the penalty for not filing it, we should undertake to say when it must be filed, and that, if not then filed, it shall be barred ; and, in doing this, establish an entirely different rule from that laid down in the statute of wills.

As the legislature has framed the act of 1859, it is simply directory as to the mode of prosecuting a claim in the County Court. It does not either directly, or by implication, repeal the 116th section of the statute of wills, nor does it oust the Circuit Court of its jurisdiction over suits against executors and administrators, to be determined according to the provisions of that statute. The running of the two years' limitation may still be prevented by presenting the claim or account to the administrator.

It follows from what we have said that this judgment, instead of directing payment to be made out of assets to be thereafter discovered and inventoried, should have been for payment in due course of administration. What the due course of administration would be in a case of this character, is a question not presented by this record, nor argued by counsel, and not free from difficulty. The judgment must be reversed and the cause remanded.

*Judgment reversed.*