# SUSAN W. HARRIS

## *v.*

# ROBERT M. DOUGLAS *et al.*

1. ADMINISTRATION—*claims—chancery jurisdiction.* The law is settled in this State, that a court of equity will not ordinarily assume jurisdiction of claims against an estate, until the claimant shall have exhibited his claim and had it allowed in the county court, and then, if any special reasons can be assigned why that court can not afford the requisite relief, equity will assist him, but not otherwise.

2. SAME—*equity jurisdiction in case of trusts.* But where a testator, by his will, makes the payment of his debts a charge upon a portion of his real estate devised, a court of equity will have jurisdiction without first establishing the indebtedness in a court of law, as it is an original ground of equity jurisdiction to declare and enforce trusts.

3. DEVISE—*subject to the payment of debts—whether a charge.* Where a testator, by his will, provided first for the payment of his debts out of any moneys he might have, with authority to his executors to sell so much of his property, real or personal, at their discretion, as might be necessary to pay the debts, and then provided that, after the payment of all his debts, all the residue of his property, real and personal, should be divided equally between his wife and children, each taking one-half: *Held,* that such devise created no specific charge or lien upon the estate devised, and consequently no trust so as to give a court of equity jurisdiction of claims.

4. Where a testator, by his will, provides that, after the payment of all debts, the residue of the estate is bequeathed, it has never been held in this State that such words create any specific charge on the real estate other than the law creates. Such a charge, like that created by law, in case the party dies intestate, is to be enforced by the county court in the due course of administration.

5. Even at common law, where the real estate was not chargeable with the payment of simple contract debts in the course of administration, the doctrine was, that a mere direction in the will to pay debts and legacies, did not create a charge on the real estate. It was necessary that some clear intention should be expressed that the devisee should take the real estate charged with their payment.

6. In this country the rule seems to be that, where it clearly appears to have been the intention of the testator to charge his real estate to the exclusion of personal property, the words in the residuary clause of a will, " after the payment of my debts," will be held sufficient for that

purpose. But where no such intention appears, and the whole estate, personal and real, is charged with the payment of debts, it seems to be the general rule that the testator intended his estate should be administered as provided by law in the State where his will is admitted to probate.

7. And where the testator, in that part of his will nominating executors, used the following language: "I do hereby waive all legal process and letters of administration, and dispense with any and all security on the part of my said executors, and direct that they may proceed and execute this will the same that I could, were I alive:" *Held*, that these words did not change the rule or show an intention to make the testator's debts a specific charge, or create a trust. The only legal effect of the clause was to waive the statutory provision requiring security of the executors.

APPEAL from the Circuit Court of Cook county; the Hon. W. W. FARWELL, Judge, presiding.

Mr. W. T. BURGESS, for the appellant.

Messrs. McCAGG, FULLER & CULVER, and Mr. OBADIAH JACKSON, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The decision of the questions arising on this record depend upon the construction that shall be given to the will of the late Stephen A. Douglas.

The bill was filed on the 24th of December, 1870, on behalf of the appellant and such other creditors of the estate as should join in the suit and contribute to the expenses.

It is alleged in the bill that Mr. Douglas died June 3d, 1861, leaving a will, which was admitted to probate in the county of Cook, where he had lately resided, on the 16th day of July after his death. By the terms of the will, one-half of his estate, after the payment of his debts, was devised to his wife, and the other half to his two sons. Mrs. Adele Cutts Douglas, his wife, and Daniel P. Rhodes, were appointed executors, but only the latter qualified, and on the 21st day of October, 1861, letters testamentary were issued to him by the probate court of Cook county, and thereupon he entered upon the duties of the office of executor.

.468      HARRIS *v.* DOUGLAS *et al.*      [Sept. T.,

Opinion of the Court.

The right to relief is predicated upon the specific ground that Mr. Douglas, by his last will and testament, devised his real estate to his wife and children, charged with the payment of his debts, of which the notes mentioned in the bill are a part. Two objections are interposed:

*First*—That the claim of the appellant is barred by the statute of limitations.

*Second*—That she had an adequate remedy at law.

Had this bill been filed to enforce a claim against an intestate estate, there could be no question, it seems to us, that the objections ought to be sustained.

It is provided by statute that claims of the class to which appellant's belong shall be exhibited within two years from the granting of letters, or be forever barred, unless the creditors shall find other estate of the deceased not inventoried or accounted for, saving, however, to certain persons named, and to persons "beyond seas," the term of two years after their respective disabilities are removed, in which to exhibit their claims.

The appellant never presented her claim and had it allowed against the estate, in the county court. It is alleged, however, that she did serve the executor with notice of it, which, it is insisted, under the decision in *Wells* v. *Miller*, 45 Ill. 33, would bar the running of the statute.

As a further reason why the claim was not presented for allowance, it is alleged that the appellant and the former owners of the indebtedness were "beyond seas.". If the appellant was in fact "beyond seas," and fairly within the saving clause of the statute, no reason is perceived why she could not, when she came within the jurisdiction of the court, have exhibited her claim and had it allowed. Ordinarily, the claimant has a complete and ample remedy at law, and such party will be required to pursue it. A party may not, in the first instance, file a bill to enforce the payment of his claim against the estate.

A court of equity will not assume jurisdiction except in extraordinary cases where the remedy afforded by the statute is inadequate. It is for the very plain reason that the statute has pointed out a different mode, and the party must pursue the remedy provided by law.

By the provisions of the statute of wills, claims against estates are to be classified, and some are to be paid in full, and others *pro rata*. A claimant can not avoid this statute by resorting to a court of equity. The law is settled, in this State at least, that a court of equity will not ordinarily assume jurisdiction until the claimant shall have exhibited his claim and had it allowed in the county court, and then if any special reasons, that may be deemed sufficient, can be assigned why that court can not afford the requisite relief, equity will assist him, but not otherwise. *Armstrong* v. *Cooper*, 11 Ill. 561 ; *Freeland, Exr.* v. *Dazy et al.* 25 Ill. 296.

It is admitted by counsel that, unless this case can be based upon an equitable charge, under the will, upon the real estate in the hands of the devisees, the appellant can have no standing in a court of equity. In this view of the meaning of the words in the will, it is insisted that the debts of the testator are made a specific charge upon the real estate devised, and hence it is said the objections can not be maintained, for it will be competent for the creditor, at any time before the indebtedness was barred by the statute of limitations, to file a bill to enforce the trust, which would be, where the indebtedness is evidenced by writing, within a period of sixteen years.

It is an original ground of equity jurisdiction to declare and enforce trusts, and if this is the true construction of the will, it would not be necessary, preliminary to obtaining the relief, that the indebtedness should be established in a court of law.

The provisions of the will which are supposed to make the debts of the testator a specific charge upon his real estate, and create the trust which it is said the devisees are bound to perform, are as follows:

"It is my will that my debts shall be paid out of any moneys which I may have, and that so much of my property, real and personal, at the discretion of my executors, shall be sold as shall be necessary to pay my debts."

"It is also my will that, after my said debts shall be paid, all the residue of my property, personal and real, shall be divided by my executor into two equal parts, and that one part thereof shall belong to my two children, Robert M. Douglas and Stephen Douglas, and that the other part thereof, that is to say, one-half of all my property, real and personal, and of all moneys or debts due me, shall belong to, and is hereby declared to belong to my dear beloved wife, Adele Cutts Douglas."

It is urged that the latter clause of the paragraph, in which the testator nominates his executors, explains in some degree the meaning of the previous provisions, where he declares, "I do hereby waive all legal process and letters of administration, and dispense with any and all security on the part of my said executors, and direct that they may proceed and execute this will the same that I could, were I alive."

We are not inclined to attach any importance to this latter clause, nor do we think it at all aids the meaning of the previous provisions. There is some obscurity, it must be admitted, in the use of the words "waive all legal process." The testator had no power to waive the probate of the will, and what he intended to waive by the use of these words is not very clear. If it was to be a will at all, it was indispensable that it should be witnessed and published in the manner prescribed by statute and duly admitted to probate. In case these essential requirements were omitted, it would be a mere power of attorney, and would cease to be operative with the death of the party executing it. It can not be that the testator intended to waive anything necessary to constitute it a valid will under the laws of this State. The legal effect of the clause is to waive the statutory provision requiring the executors to give security for the faithful execution of their offices as executors.

It in nowise illustrates the meaning of any previous provisions.

The specific ground relied on for the relief sought is, that the language of the will makes the debts of the testator a clear charge upon his real estate, to be enforced only in a court of equity.

Independently of the words in the will, the devisees would only take the residue of the estate, under our laws, after the payment of the debts, and it is difficult to understand how a different charge is created than what the law itself creates. Had Mr. Douglas died intestate, the heirs would take the estate, in one sense, charged with the payment of his debts; that is, the residue, after all indebtedness was discharged. But the law creates no specific charge, imposes no trust, that can only be declared and enforced in a court of equity.

No specific property is charged by the terms of the will with the payment of the debts of the testator, but first his moneys and next his property, real and personal, are to be charged, and that is precisely what the law would do.

The words used in the will do not differ essentially from the words in the form commonly in use. It is provided that, after the payment of all debts, the residue of the estate is bequeathed, and this is the usual form, and it has never been held in this State that such words create any specific charge on the real estate other than the law creates, and by no fair construction do they declare any trust in favor of the creditors to be enforced only in a court of equity. The charge is not unlike that which exists by law where the party dies intestate, and is to be enforced in the county court as provided by law. We must presume that the words are used with reference to the provisions of our statutes, and simply mean that the debts of the testator are to be paid in due course of administration in and under the direction of the county court. This is believed to be the true construction of the language of the will. In case such words should be held to create a special charge upon the real estate, and create a trust to be

performed by the executor or devisees, then in all cases where the residue of the estate is bequeathed after the payment of debts, resort would have to be had to a court of equity to declare the trust and administer the estate. Such is not the law, and the language used, in view of our statute, will admit of no such construction.

We have examined with care the authorities cited by counsel for appellant, but are unable to perceive how they sustain his view of the law.

The words, "after the payment of my debts," is a formula adopted from the common law. In view of our statute, it can hardly be said that they can have the same meaning when used in this State as was attached to them at common law. It seems to us that a clear and well-defined distinction may be taken.

At common law, the real estate of a deceased person was not liable to the payment of his simple contract debts; the devisees took the land bequeathed discharged therefrom. It was according to the principles of natural justice that a man should be honest, and pay his debts.

The courts being anxious to promote justice, from an early period endeavored to give effect to a general direction by a testator for the payment of all his debts, by construing it into a trust for their discharge out of his real estate, in case of a deficiency of the personalty for that purpose. Even the slightest allusion to debts in any part of the will was sometimes held sufficient to charge the real estate, on the supposition that the testator would have said nothing about the debts had he not intended to charge his lands. Otherwise he would have left them to be discharged as the law directs. The general doctrine, however, was, that a mere direction in the will to pay debts and legacies did not create a charge on the real estate. It was necessary that some clear intention should be expressed that the devisee should take the real estate charged with their payment. Hill on Trustees, *345; *Lupton* v. *Lupton,* 2 Johns. Chy. 614; *White* v. *Olden,* 3 Green Chy. 343;

*Fenwick* v. *Chapman*, 9 Pet. 461 ; *Dun* v. *Keeling*, 2 Dev. 285 ; *Shallcross* v. *Finder*, 3 Ves. 738 ; *Williams* v. *Chitty*, 3 Ves. 545 ; *Walker* v. *Jackson*, 2 Atk. 624 ; *Trott* v. *Vernon*, 2 Vern. 708.

The principles of the English cases have been very generally adopted by the courts of this country, and held to be the law, except where modified by statute. In harmony with those decisions, it has been held that the words "after payment of debts," created a charge upon the real estate, and exempted the personal property, as in the case of *Fenwick* v. *Chapman, supra.* In that case it was held that equivalent words charged the real estate of the testator to the exemption of slaves, which could not be manumitted by the laws of Maryland by testamentary action to the injury of creditors.

The decision proceeds on the correct principle that it was the clear intention of the testatrix to charge her real estate with the payment of debts and legacies, and exempt her slaves, or, in other words, her personal property.

The principle deducible from the authorities in this country is, that where it clearly appears to have been the intention of the testator to charge his real estate, to the exclusion of the personal property, the words in the residuary clause of the will, "after the payment of my debts," will be held sufficient for that purpose. This is the common law as modified by statute in most of the American States. But where no such intention appears, and the whole estate, personal and real, is charged with the payment of the debts, it seems to be the general rule that the testator intended his estate should be administered as provided by law in the State where his will is admitted to probate.

In the case of *Manning's Heirs*, 13 Ala. 611, a testator, by his will, directed as follows: "It is my will that the interest which I have in a house and lot in the town of Huntsville, with all my lots lying in the towns of Triana and Florence, be sold and the proceeds applied to the payment of legacies hereafter bequeathed, and in the discharge of my debts." It was

held that the will did not create a trust by implication in favor of creditors which would take a debt due by the deceased out of the statute of limitations, or prevent it from running. Chilton, J., concurring, places his opinion on the distinct ground that the principle which lies at the foundation of the series of English authorities, does not apply in that State where so ample provision has been made by law for charging the real estate with the payment of all the debts of the testator, both those which are simple contract debts, and those which are not.

In *Hines* v. *Spruill et al.* 2 Dev. & Batt. 93, where a testator, by his will, gave to his two sisters all his lands, "together with all cattle, horses and other appurtenances thereto belonging, except so much thereof as will pay my debts," and afterwards gave his negroes to the same persons, it was held that the will did not create a charge upon any part of the property for the benefit of creditors over and above that which the law affixes upon the whole personal estate.

There are other American cases that announce the same principles. *Hall* v. *Bumstead et al.* 20 Pick. 2.

A distinction has been taken, rather metaphysical it must be admitted, between a devise of an estate to pay debts and other charges, and a devise of an estate charged with or subject to debts or other charges. 2 Story Eq. sec. 1245 ; *King* v. *Dennison*, 1 Ves. & Beam, 273 ; *Hill* v. *Bishop of London*, 1 Atk. 620.

Mr. Story, in his work on Equity Jurisprudence, stated the distinction thus: "In the former case, the devise is construed to be a mere trust to pay the debts or other charges, giving no beneficial interest to the devisee, but holding him, after the debts and charges are paid, a mere trustee for the heir, as to the residue. In the latter case the devise is construed to convey the whole beneficial interest to the devisee, subject only to the payment of the debts or other charges."

In the class of cases first named, it is understood that an express trust is created, and as it is a favorite subject of equity

jurisdiction to enforce trusts, if the case at bar could be assimilated to that class of cases, this bill might perhaps be maintained on that ground. But this can not be done. No estate was specifically devised to pay debts or other charges.

The testator in this instance expressed no intention to charge any particular part of his estate with the payment of his debts. He simply makes his debts a charge upon his entire estate, real and personal, and that our statute does in like manner, and in the same order, independent of any provision of the will. He first directs that his debts shall be paid out of any moneys that he may have; and next, the executors are directed, in their discretion, to sell so much of his property, real and personal, as may be necessary to pay them; and after his debts shall be paid in the manner directed in the preceding paragraph, that is, as we have construed it, in due course of administration, the residue of the property is devised.

It is quite clear that if there had been moneys and personal property sufficient to have discharged the debts, no charge would have been created by the terms of the will on the real estate. No intention is manifested to charge the real estate with the payment of the debts, to the exclusion of the personal estate.

The true construction of the will is, that the testator only intended to provide that, after the payment of his debts out of his estate in the manner provided by law, of the residue one-half should go to his wife and the other half to his two children. It would be a forced construction to say that the testator intended to specifically charge his real estate with the payment of his debts, or in any manner other than the law charges it. The words used import no such intention. There is no such trust created by the will as can only be enforced in a court of equity.

In this view of the law, the appellant has sought the wrong forum. Her remedy was and is, if she has one, in the county court. She ought to have presented her claim there and had it allowed, as other creditors are required by the statute to do,

476      HARRIS *v.* DOUGLAS *et al.*      [Sept. T.,

Opinion of the Court.

and then she would be entitled to have it paid in due course of administration. If she was in fact beyond seas, it was her duty, when she came within the jurisdiction of the court, to have presented her claim for allowance. When she shall present her claim against the estate, if she shall hereafter do so, the question whether she was "beyond seas," and within the saving clause of the statute by reason of that fact or otherwise, can then be inquired into. On this point we express no opinion.

Under the construction that we have given to the will, it is not necessary now for the court to express an opinion on the question whether the executors' sale of real estate to pay debts was regular or irregular. The appellant at this time stands in no position to attack it.

The bill presents no grounds for equitable relief. The demurrer was therefore properly sustained, and the decree is affirmed.

*Decree affirmed.*

Mr. JUSTICE THORNTON: I do not concur in the opinion of the court.

Mr. JUSTICE McALLISTER took no part in this decision.