MARIA WILDING, Executrix, etc.,

v.

FREDERICK RHEIN, Administrator, etc.

1.   CONSTRUCTION OF STATUTE—SETTLEMENT OF CLAIMS—STATUTE OF LIMITATIONS.—Section 131 and section 151 of the R. S. 1869, chapter 109, are *in pari materia* and must be construed together.   Under section 151, suit may be instituted at any time before the general Statute of Limitations has run on the claim, provided the claimant can discover property not inventoried and accounted for.   Under section 131, suit can not be brought after the expiration of one year from the time of the settling of his accounts by the administrator with the court of probate, and the limitation provided by section 131, begins to run at the making of the first settlement, as provided by the statute (section 159), by the administrator in the court of probate, and can not expire before the two years from the granting of the letters testamentary.

2.   STATUTE OF LIMITATIONS.—Upon the question whether an exhibition or presentation of the claim to the administrator within two years from the time of taking out letters testamentary, was sufficient to prevent the statute requiring claims to be presented in two years, from running against it. *Held*, that the Statute of Wills of 1845, at least that part of it having reference to the presentation of claims against estates, was in force during the time of the administration of this estate, and as the second replication shows such an exhibition of the claim to the administrator as was sufficient to prevent the bar of the statute of two years from running against it, the demurrer should not have been sustained.

ERROR to the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding.   Opinion filed April 13, 1883.

Messrs. G. & G. A. KOERNER, for plaintiff in error; that there is no bar as to property not inventoried and afterward discovered, except where the claim is barred by the ordinary Statute of Limitations, cited Blanchard v. Williamson, 70 Ill. 647; Guy v. Gericks, 85 Ill. 428.

Plaintiff was entitled to sue on his note, if the note itself was not barred, and if it were, the Statute of Limitations as to the original cause of action was not pleaded: Wells v. Miller, 45 Ill. 33; Mason v. Tiffany, 45 Ill. 392.

Mr. W. WINKLEMAN, for defendant in error; that the ad-

ministration was commenced and controlled by the law in force in 1869: cited R. S. Chap. 109, § 102; Thorn v. Watson, 5 Gilm. 29.

CASEY, J. The record shows that in 1866, Paul Neuninger made and delivered to Peter Wilding his promissory note for the sum of six hundred and forty-five dollars and sixty-five cents, due in one year, with interest at the rate of ten per cent. per annum. That Paul Neuninger died in 1869. This suit was instituted by the payee in the note, Peter Wilding, in the St. Clair Circuit Court in the year 1875, against the heirs of the said Paul Neuninger, deceased.

At the August term of said court, 1878, permission being given, the declaration was amended, and Frederick Rhein, administrator of the estate of the said Paul Neuninger, deceased, was made defendant.

At the September term of said court, 1880, the said administrator filed his plea in said cause, in which it is averred that he was appointed administrator of said estate on the 10th day of September, 1869, by the County Court of St. Clair county. That he gave bond and acted as such administrator. That he made final settlement of said estate on the 29th day of February, 1872. That at the time of such settlement there was a balance in his hands after the payment of debts, of $1,000 which he paid to the heirs of the deceased. That the county court approved his report of final settlement unless cause to the contrary should be shown in thirty days from the said 29th day of February, 1872. That no cause was shown within the thirty days, and defendant was discharged. A further averment in the plea is that no suit was commenced against the defendant as administrator or otherwise since the 29th day of February, 1872, on the plaintiff's claim until this suit was begun, to wit, August 26, 1878.

A demurrer to this plea was interposed by the plaintiff and was overruled by the court.

Afterward the plaintiff filed two replications to said plea, which are as follows :

First. And the said Wilding as to the said defendant's

plea above by him pleaded says, *precludi non*, because, he says that, though the said defendant made his final settlement as by him alleged in said plea, on the 29th day of February, 1872, and had paid over to the heirs of his intestate what money was then in his hands, and though he was then and there discharged as such administrator, the said defendant had not during his said administration inventoried all the property, real and personal, of his intestate, but omitted to inventory the following pieces and parcels of land, to wit: the east half of the east half of northwest ¼ of Section 13, T. 1 N, R. 7 W., lying and being situate in said county of St. Clair and State of Illinois, of great value, to wit, of the value of $1,000, of which the said Paul Neuninger died seized and possessed, and which fact came to the knowledge of the said plaintiff after the said defendant had been discharged as aforesaid. And the plaintiff further says that the said note in his said declaration mentioned, was never presented to the County Court of St. Clair county for an allowance, and was never passed upon by the said county court. And this the plaintiff is ready to verify, etc.

Second. And the said plaintiff, for further replication, having first obtained the leave of the court, says: *precludi non*, because, he says, that before the expiration of two years from and after the granting of letters testamentary, the said defendant exhibited his claim and presented the said note to said defendant, administrator as aforesaid, for payment, and that said administrator then and there promised the said plaintiff to pay the same, and this he is ready to verify.

Demurrers were filed to these replications and sustained by the court.

The plaintiff elected to stand by his replications, and the case is brought to this court by a writ of error.

Before final judgment in the circuit court the death of the plaintiff, Peter Wilding, was suggested, and his executrix, Maria Wilding, was made plaintiff.

The defendant in error seems to rely on Section 131, chapter 109, Gross' Statute of 1869, as a defense to this action. That section is as follows: "No suit shall be brought against any

executor or administrator for or on account of any claim or demand against the testate or intestate unless such suit shall be brought within one year next after such executor or administrator shall. have settled his accounts with the court of probate."

If that was the only provision of the statute upon the subject, the position assumed would undoubtedly be correct. In the case before us, the suit was not commenced within one year of the time of settlement in the court of probate.

To a proper understanding of this section, it must be construed in connection with section 151 of the same chapter, which is as follows: "And all demands not exhibited within two years as aforesaid shall be forever barred unless such creditor shall find other estate of the deceased not inventoried or accounted for by the executor or administrator," etc. These two are *in pari materia*, and, as before stated, must be construed together. In the case of Thorn v. Watson, 5 Gilm. 29, to which we are referred by counsel for defendant in error, these two sections are discussed and construed.

In that case it was held that there was no difficulty in construing this provision of the statute (referring to section 151.) The language is too plain to admit of doubt, and expressly prohibits all creditors who neglect to exhibit their claims against an estate within two years from the time of granting letters testamentary or of administration, from doing so afterward, unless they can find other estate of the deceased not inventoried or accounted for.

Nor does this construction conflict with the provisions of section 131. Under section 151 the suit may be instituted at any time before the general Statute of Limitations has run on the claim, provided the claimant can discover property not inventoried and accounted for, and under section 131 the suit can not be brought after the expiration of one year from the time of the settling of his accounts by the administrator with the court of probate.

Section 159, chapter 109, Gross' Statute, 1869, provides that all executors and administrators shall exhibit accounts of their administration for settlement to the court of probate, from

which the letters testamentary or of administration were ob-
tained, at the first term thereof, which shall happen after the
expiration of one year after the date of their letters as afore-
said. So that the limitation provided for in section 131 be-
gins to run at the making of the first settlement, as provided
by the statute by the administrator in the court of probate,
and can not expire before the two years from the granting of
letters. The two Statutes of Limitations thus provided for are
harmonious and not in conflict with each other, and both look
to the speedy adjustment and settlement of estates. Ryan v.
Jones, 15 Ill. 2.

The bar is as to the payment of claims out of effects previ-
ously inventoried. There does not seem to be any bar as to
the payment of claims out of property not inventoried or ac-
counted for other than what is to be found in the general lim-
itation laws. Blanchard v. Williamson, 70 Ill. 617.

In Guy v. Gericks, 85 Ill. 428, it is said : No inventory
of either the personal or real property belonging to the estate
was ever filed, and we are not aware there is any statute of
limitation that would bar an action against the administra-
tor in such cases other than that which would bar an action
on the note.

In view of the decisions of the Supreme Court and the evi-
dent intent and meaning of the statute, we think that the
replication was a sufficient answer to the plea, and that the
circuit court erred in sustaining the demurrers.

In the second replication it is substantially averred that the
claim was exhibited to the administrator within two years
from the time the letters of administration were issued and
received by him.

In the replication it is alleged that the *defendant* exhibited
his claim and presented the said note to the defendant, ad-
ministrator as aforesaid, etc. He should have said the plaint-
iff exhibited his claim, etc. The error is so apparent and
the intention of the pleader so obvious that we do not con-
sider it of importance, and will consider the replication as if
the term plaintiff had been used instead of the term defend-
ant.

Wilding v. Rhein.

The same may be said of the use of the word testamentary, instead of the term administration in the second replication. These errors are not considered as important or material.

The second replication raises this question: Was an exhibition or presentation of the claim to the administrator within two years from the time of taking out letters of administration, sufficient to prevent the statute requiring claims to be presented in two years, from running against it? Section 116, chapter 109, Statute of 1845, provides that the manner of exhibiting claims against the estate of any testate or intestate may be by serving a notice of such claim on the executor or administrator, or presenting him the account, or filing the account or a copy thereof, with the court of probate.

This provision of the Statute of 1845 was not repealed by the act of 1859: Mason v. Tiffany, 45 Ill. 392; Mills v. Miller, 45 Ill. 33.

In the latter case it is said: As the legislature has framed the act of 1859, it is simply directory as to the mode of prosecuting a claim in the county court. It does not, either directly or by implication, repeal the 116th section of the Statute of Wills, nor does it oust the circuit court of its jurisdiction over suits against executors and administrators to be determined according to the provisions of that statute.

From these authorities we hold that the Statute of Wills of 1845, at least that part of it having reference to the presentation of claims against estates, was in force during the time of the administration of this estate, and that the second replication shows such an exhibition of the claim to the administrator as was sufficient to prevent the bar of the statute of two years from running against it.

And therefore the court erred in sustaining the demurrer to the second replication.

The judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.