Earl B. Williamson, Trustee of the John J. Schwartz Baking Corporation, Bankrupt, Appellant, v. Herbert N. Powell, Administrator with the Will Annexed and Trustee of the Last Will and Testament of Margaret Farney, Deceased, Appellee.

Gen. No. 7,857.

Heard in this court at the October term, 1927. Opinion filed August 15, 1928. Rehearing denied January 28, 1929.

GEORGE J. JOCHEM, for appellant.

E. A. AGARD and ADSIT, THOMPSON & HERR, for appellee.

MR. PRESIDING JUSTICE JONES delivered the opinion of the court.

This is a suit in chancery brought by Earl B. Williamson, trustee in bankruptcy of the estate of John J. Schwartz Baking Corporation, against Herbert N. Powell, administrator with the will annexed and trustee of the estate of Margaret Farney, deceased, and others.

Margaret Farney in her lifetime was one of the incorporators of the baking corporation and subscribed

for 50 shares of the capital stock at $100 per share. She paid in but $3,000, and only 30 shares of stock were issued to her. Henry K. Meyer subscribed for 20 shares, but paid in only $1,000 and 10 shares of stock were issued to him. The suit was instituted to recover the amount of the unpaid subscriptions, but the Meyer subscription is not involved in this appeal. The corporation continued to operate until March, 1920, when it was adjudged a bankrupt.

Margaret Farney died testate on February 2, 1922. Appellee was appointed administrator with will annexed of her estate and qualified as such on July 18, 1922. An inventory of the estate was filed and approved. On July 16, 1923, being two days less than one year from the appointment of the administrator, appellant filed a claim in the county court against said estate for $2,000 on account of the unpaid stock subscription of Margaret Farney.

The bill in chancery was filed September 1, 1923, or more than one year from the date of the letters of administration. It is based upon section 53 of the Corporation Act, Cahill's St. 1925, ch. 32, ¶ 53, which provides for the bringing of suits in equity by creditors of a corporation to enforce the payment of delinquent stock subscriptions. The decree found that Margaret Farney was indebted to complainant in the sum of $2,000, and because the suit was brought more than one year after the date of the letters of administration, it was ordered that the claim be paid only out of assets of the estate which had not been included in the inventory filed by appellee.

We think the order limiting the payment of the claim to assets not inventoried was erroneous. Section 70 of the Administration Act, Cahill's St. 1925, ch. 3, ¶ 71, provides that all demands against the estate of a decedent "not exhibited" within one year from the granting of letters shall be barred unless the creditors shall find other estate of the decedent not inven-

toried or accounted for. Appellee contends that under the provisions of section 53 of the Corporation Act, a suit by the creditors of a corporation to recover for unpaid stock subscriptions can be maintained only in a court of equity, and that the county court is without jurisdiction to entertain or allow a claim of this kind; that inasmuch as the bill in chancery was not filed until more than one year had elapsed after the granting of letters in decedent's estate, the decree of the circuit court was correct; and that the filing of the claim in the county court, within the limitation period, cannot be invoked in aid of the suit in the circuit court.

No question of the complainant's right to institute the suit as the representative of the creditors is raised. Both parties to this controversy, with different objects in view, and by different processes of reasoning, claim that the jurisdiction of the circuit court was exclusive. The only question necessary to be determined in this case is whether the exhibiting of a claim in the county court within the limitation period is sufficient to remove the bar of the statute, so that a claim established by suit in another court, instituted more than one year after the appointment of the administrator, should be paid in due course of administration, or paid only out of assets not inventoried.

In order to remove the bar of the statute it is not necessary for a suit or action to be brought upon a claim within a year from the granting of letters. The requirement is that the claim be exhibited within that time. The proceeding provided by statute for the presentation and allowance of claims against estates of decedents is in no proper sense a suit or proceeding at law or in chancery. The mere fact that a claim is contested, so as to necessitate a trial, does not have the effect of converting the proceeding into a suit or proceeding at law. (*Grier v. Cable,* 159 Ill. 29.) The filing of a claim against an estate with the clerk of the

county court within the limitation period is an exhibition of the claim within the meaning of the statute, so as to take it out of the limitation. (*Roberts v. Flatt,* 142 Ill. 485; *Wallace v. Gatchell,* 106 Ill. 315; *Barbero v. Thurman,* 49 Ill. 283, 284.)

It was formerly provided by section 116 of the Statute of Wills (chapter 109, Rev. St. 1845) that the manner of exhibiting claims might be by serving a notice of the claim on the executor or administrator, or by presenting him the account, or filing it in the court of probate. In *Wilding v. Rhein,* 12 Ill. App. 384, an administrator, while that statute was in force, made his final report and was discharged by the county court. Suit was afterwards instituted in the circuit court against him by the payee of a note executed by the decedent. It appeared by the pleadings that the note was never presented to the county court, but within the limitation period was presented to the administrator. The court held that the exhibition of the claim to the administrator was sufficient to prevent the bar of the limitations from running against it. The pertinent facts in that case are analogous to those in the case at bar, and the principle there announced should be controlling here. It is the exhibition of the claim that removes the bar of the statute. Under the present statute the exhibition of the claim must be by filing it in the county court. That was done by appellant within the limitation period, and it was error to decree that the amount be paid only out of assets not included in the inventory. The order should have required the amount of the claim to be paid in due course of administration. The decree is reversed and the cause remanded with directions to modify the decree in conformity with the views herein expressed.

*Reversed and remanded with directions.*