ROBERT R. GREENE, administrator *de bonis non* of Henry J. Ross, appellant, *vs.* WILLIAM A. GRIMSHAW, appellee.

$$\frac{11}{131} \quad \frac{389}{613}$$
$$\frac{11}{\text{c92a}} \quad \frac{389}{1594}$$

*Appeal from Pike.*

When a person renders services for the benefit of the estate of a decedent, at the instance of the executrix thereof, his claim for compensation is not a personal demand against the executrix; but, on the death of the executrix, may be enforced against the estate, for the benefit of which the services were rendered.
The acts of an executrix, rightfully done in her official character, are binding on the estate which she represents.

This was a suit commenced by the appellee before the Court of Probate of Pike county, against the appellant, to recover twenty-five dollars, claimed as a fee, for prosecuting a suit, in the name of Hopestill Ross, as executrix of Henry J. Ross, deceased, against certain parties by the name of Tucker and Sealey. A judgment was recovered on that suit, against Tucker and Sealey, and the money collected upon it was paid to the appellant as the administrator *de bonis non* (the executrix having died) of the estate of the said H. J. Ross.

Before the Probate Court, the appellee recovered a judgment for the value of his services, from which an appeal was taken to the Circuit Court of the county; in which Court a trial was had, before Minshall, Judge, and a jury, resulting in a verdict for the appellee for the same sum of twenty-five dollars; upon which a judgment was entered, directed to be levied of the goods and chattels, &c., in the hands of the appellant to be administered, and for costs. From this judgment of the Circuit Court, an appeal is taken to this Court.

WM. THOMAS, for appellant, made the following points in argument:

The right of action upon the note of Tucker and Sealey was in Hopestill Ross. She, alone, could maintain an action for the recovery of the money due thereon. 1 Chitty, 38 ; 2 H. Blackstone, 563, note *a* ; McHenry *vs.* Ridgley, 2 Scam., 310 ; McConnell *vs.* Thomas, ibid, 314; 2 Starkie, 318 ; 3 East, 400 to 409. If Hopestill Ross had died, before judgment against Tucker and Sealey, the right of action upon the note would have survived to her executor, and not to the administrator of H. J. Ross. Toller on Ex., 431–2 ; 1 Williams on Ex., 556, 643, 656–7. Upon the death of Hopestill Ross, her executor alone could proceed by *scire facias* upon the judgment. Toller on Ex., 441, 448, 450; 2 Saunders, 72, *n*.

Although it may be true, that if the note of Tucker and Sealey had been given for a debt due to, or a liability in favor of H. J. Ross, in his life-time, or for a liability to the executrix, in her fiduciary right, a special action might have been sustained in the name of the administrator *de bonis non*, yet no such state of fact exists, or was pretended in this case. Catherwood *vs.* Charband, 8 Eng. Com. Law Rep., 46 ; King &c., Ex. Stephenson, *vs.* Thorn, 1 Term Rep., 487; Carne and wife *vs.* Watts, 6 East, 408.

No evidence was given in respect to the solvency or insolvency of the estate of H. J. Ross, and the judgment should have been made payable in the course of administration, and not out of goods, &c., in the hands of appellant, to be administered. Peck, Adm., &c., *vs.* Stevens, 5 Gilman, 127. The judgment for costs is erroneous. Rev. Laws, 558, sec. 101.

R. S. Blackwell, with whom was J. Grimshaw, for appellee :

The bill of exceptions is defective. It does not purport to contain all of the evidence. 5 Gilm., 298. The exceptions were not taken at the time of the trial. 3 Scam., 63. The record read by appellee in the Court below, and objected to by appellant, is not set out in the bill of exceptions. 5 Gilm., 209. An administrator or executor cannot retain under our laws. R. S., 561, sec. 121. Paschall *vs.* Hailman, 4 Gilm., 297, 301. The executor of Mrs. Ross did not thereby become executor of the estate of Henry J. Ross. R. S., 541, sec. 22. An administrator *de bonis non* possesses the same powers and rights, and

is subject to the same liabilities, as the original administrator. R. S. 1833, 636, sec. 71; Toller on Ex'rs, 243; Floyd *vs.* Breckenridge, 4 Bibb, 14; Bacon's Ab., title, " Ex. and Adm.," B 2 and 3. There is such a privity ` in law between Grimshaw and Greene as will support this action. Hirst *vs.* Smith, 7 D. & E., 182. The judgment for costs in this cause is correct. Welch *vs.* Wallace, 3 Gilm., 490; R. S., 556, sec. 95. There is no award of execution in this case. The word levied means paid. 3 Gilm., 490; 5 ibid, 127.

If the judgment is informal, the proper judgment will be entered up in this Court. 1 Scam., 55, 110; 3 Scam., 63, 478; 1 Gilm., 491; 3 Gilm., 490.

Opinion by TREAT, C. J.:

It satisfactorily appeared in evidence, that the services of the appellee were rendered for the benefit of the estate of Henry J. Ross. He was retained by the executrix of the estate, to prosecute a suit on a note made payable to her, as executrix. The suit was brought and a judgment obtained in her favor, as executrix. After her death, the judgment was collected, and the money paid over to the appellant, as the administrator *de bonis non* of Henry J. Ross. He treated the proceeds of the recovery as assets of the estate. It is clear, therefore, that the note was, in fact, the property of the estate, and did not belong to Mrs. Ross, in her individual right. The services were performed for the estate, and not for Mrs. Ross personally. The estate received the benefit of the services, and ought to make the proper compensation. The appellee was employed on behalf of the estate, and had the right to look to the estate for payment. The fact that he was retained by the executrix, makes no difference. Her acts, rightfully done in her official character, are binding on the estate, and any liability arising therefrom can be enforced against the appellant. As the representative of the estate, he is bound by the lawful acts of the executrix, in respect to the estate.

The judgment is not erroneous. It does not, as in the case of Peck *vs.* Stevens, 5 Gilman, 127, and the cases there cited, award execution against the effects of the estate. Nor is the appellant personally responsible for its payment. It only liqui-

dates and establishes a demand against the estate, which he is required to pay in the due course of administration.

The judgment of the Circuit Court must be affirmed, with costs.

*Judgment affirmed.*