Treat, C. J. The administrators of Trailor brought a suit against the executors of Trotter. The process was in the prescribed form of a justice’s summons, and was subscribed “ Thomas Moffett, Pro. Justice Peace. L. S.” After a hearing of the parties, he rendered a judgment in favor of the administrators, for $43 18. He kept a separate docket for the entry of suits before him as a justice of the peace, in which the proceedings and judgment in this case were entered. He supposed that he had jurisdiction of the action as an ordinary justice of the peace, and considered himself as acting in that capacity. A citation subsequently issued out of the county court, requiring the executors to show cause why they should not pay the judgment. They appeared- and moved to dismiss the proceeding, because the justice had no authority to render the judgment. The county court refused the motion, and made an order directing the executors to pay the judgment. They appealed to the Circuit Court, and that Court, on an agreed state of facts, as before set forth, affirmed the order of the county court. The executors assign that decision for error. The only question in the case is, whether the officer rendering the judgment had jurisdiction of the action; and that depends altogether on the fact, in what capacity he was acting. If in the exercise of his functions as judge of the probate court, his right to hear the case and enter the judgment cannot be questioned; but, if in the character of a justice of the peace, there was an excess of jurisdiction, and the judgment is a nullity. It was decided in the case of Dunlap v. Ennis, 3 Gilman, 286, that the powers of a probate justice are of a two-fold character; first, he is to perform the duties pertaining to the probate court, and when acting in that capacity he must affix the seal of that court to the process issued by him, or his private seal, where no public seal has been provided; second, he is vested with the jurisdiction of justices of the peace in civil cases, and when exercising these powers, he is to be governed by the rules applicable to proceedings before such officers. Applying the principle of that decision to this case, it is manifest that the officer was not acting in the capacity of judge of the probate court, but was acting strictly in the character of a justice of the peace. The seal of the probate court was not attached to the process, and the proceedings were entered in the docket kept by him as a justice of the peace. Besides, he considered himself as engaged in the discharge of duties properly belonging to an ordinary justice. There is. nothing in the case to indicate that he was exercising any authority vested in him as judge of the probate court. The only remaining inquiry is, had he jurisdiction of the case as a justice of the peace. The statute, after conferring jurisdiction in general terms on justices of the peace, in all actions for the recovery of debts and demands, in which the amount claimed does not exceed one hundred dollars, and for which debt or assumpsit will lie, declares that they shall also have jurisdiction, “ in all actions in which an executor or administrator is plaintiff, or for property purchased at an executor’s or administrator’s sale, where the amount claimed doés not exceed one hundred dollars;” and “ in all actions in which an executor or administrator is defendant, where the amount claimed does not exceed twenty dollars.” R. S., ch. 59, § 17. If these two clauses had been left- out of the statute, the preceding provisions might he construed-as conferring jurisdiction on justices of the peace, in actions by or against executors or administrators, to the extent of one hundred dollars; but being introduced, they must be understood as qualifying and restraining the operation of the general provisions, to cases in which neither executors nor administrators are parties. As the law stood before the revision, justices of the peace had jurisdiction of actions against executors and administrators, to the amount of twenty dollars. From the manner in which previous laws wore incorporated into the Revised Statutes, we are satisfied the Legislature did not design to increase the jurisdiction of justices in this respect. The justice, therefore, exceeded his jurisdiction. The fact that the parties appeared before him and contested the merits of the case, can have no bearing on the proper decision of this question. It is a familiar doctrine that consent cannot confer jurisdiction. The judgment of the Circuit Court is reversed, with costs against the administrators to be paid in due course of administration. Judgment reversed.