ROBERT MILLER, Administrator,

*v.*

BENJAMIN F. McCRAY.

1. JURISDICTION— *of justices of the peace.* Justices of the peace have jurisdiction, under the tenth clause of the seventeenth section of the act in regard to justices of the peace, in suits brought by administrators against a person not an executor or administrator, where the amount claimed does not exceed one hundred dollars.

2. FORMER DECISION. Nor is the case of *Williams* v. *Blankenship*, 12 Ill., 122, to be understood as deciding otherwise. The court there held that in a suit by an administrator and *against dn executor*, the justice had not jurisdiction if the amount claimed exceeded twenty dollars. But they did not decide that executors and administrators could not bring suit to the amount of one hundred dollars, as the tenth clause of the section says they may, in all cases where another administrator or executor is not defendant.

WRIT OF ERROR to the County Court of Livingston county; the Hon. JONATHAN DUFF, Judge, presiding.

This suit was originally instituted before a justice of the peace in Livingston county, by Robert Miller, administrator of the estate of William S. Malone, deceased, against Benjamin F. McCray, to recover a sum "not exceeding one hundred dollars."

The cause was removed into the County Court by appeal, where the defendant appeared and entered his motion to dismiss the suit upon the ground that the justice of the peace who rendered the judgment from which the appeal was taken, had no jurisdiction in the case, because the plaintiff sued as an administrator, and the amount claimed exceeded twenty dollars. The court sustained the motion and dismissed the suit. The plaintiff thereupon sued out this writ of error, and now insists that the ruling of the County Court in sustaining the motion was erroneous. ·

Mr. A. E. HARDING and Mr. L. E. PAYSON for the plaintiff in error.

Mr. J. M. BARRET for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the court:

The only question presented by this record is, whether justices of the peace have jurisdiction in suits brought by administrators against a person not an executor or administrator, where the amount claimed does not exceed one hundred dollars. The 10th clause of the 17th section of the act in regard to justices of the peace gives jurisdiction "in all actions in which an executor or administrator is plaintiff, or for property purchased at an executors or administrators' sale, where the amount claimed does not exceed one hundred dollars." We do not see how, under this clause, the jurisdiction can be questioned. Language could hardly be more explicit. The case of *Williams* v. *Blankenship*, 12 Ill., 122, quoted by the counsel for the defendant in error, seems to be misunderstood. That was a suit not only by an administrator, but against an executor, and the court held that the 11th clause in the section above quoted, giving jurisdiction in actions *against* executors and administrators to the amount of twenty dollars, must be considered as restrictive of the other provisions. But they did not decide that executors and administrators could

not bring suit to the amount of $100, as the 10th clause of the section says they may, in all cases where another administrator or executor is not defendant. It may be remarked that the decision in the case of *Williams* v. *Blankenship* is very incorrectly stated by the reporter in his syllabus, and hence, unless the opinion is examined with a little care, persons may be misled as to what really was decided.

*Judgment reversed.*