Adaline Darling *et al.*

*v.*

Peter McDonald.

*Filed at Mt. Vernon January 18, 1882.*

1. Jurisdiction *of circuit court—suit at law against executors.* The circuit court has, under sec. 12, art. 6, of the constitution, jurisdiction of an action of assumpsit brought against the executors of an estate upon a claim which had accrued against the testator, and this jurisdiction is unaffected by the statute conferring jurisdiction upon the county court in the same class of cases.

2. Administration of estates—*two years' limitation interposed—of the proper judgment.* In a suit against the representatives of an estate of a deceased person, when the defence is successfully interposed that the suit was not commenced, or the claim was not exhibited, within two years after the grant of administration, the judgment must be special, and payable out of assets thereafter to be inventoried, corresponding to the common law judgment of *quando acciderint.*

3. Such a judgment does not imply assets for the satisfaction of the debt. The presumption at the end of two years from the grant of administration is, that the personal estate has been fully inventoried, or accounted for, by the executor or administrator.

4. Same—*of a judgment payable "in due course of administration"— out of what assets to be satisfied.* A judgment of the circuit court against executors, to be paid in the due course of administration, is not limited to subsequently discovered or inventoried assets for payment, but is to be paid out of assets administered in the manner and order that other debts of like dignity are to be paid. Such a judgment binds the assets in the hands of the administrator, and it is the duty of the executors to pay it without further notice or demand, the statute fixing its grade or class.

5. Same—*classification of claims by circuit court, after rendering judgment.* The circuit court, after rendering judgment against executors, to be paid in the due course of administration, has full power, as an incident to its jurisdiction, to pronounce the judgment, afterwards to direct its classification, the same as the county court may do on the allowance of a claim, and order that the record be certified to the county court; and that court, having power to enforce the settlement of the estate, has the power, and it is its duty, to include in such settlement the payment of such judgment.

6. Same—*effect of judgment in the circuit court—and as to the presentation of claims to the county court.* A judgment against executors in a suit brought in the circuit court, sustains the same relation to the assets of

the estate as a judgment in the county court. Such a judgment is not sub-
ject to the revision of the county court, but it must enforce its payment the
same as a claim allowed in that court.

7. The claims required to be presented to the county court at the term
fixed upon for the adjustment of claims against an estate, are those which
have not been liquidated or established, and upon which it is necessary to
hear evidence, and not those which have been reduced to judgment binding
upon the executors or administrators.

8. Section 61 of the act concerning the administration of estates, in regard
to bringing suits against the executor or administrator of an estate in the
county court, does not require suits to be brought on a judgment of another
court already binding the executor or administrator, but relates to claims
not established as a legal charge against the estate, and upon which there is
to be a regular trial as in any other causes at law.

9. SAME—*proof in the county court of the judgments of other courts—
as to the mode.* A judgment regularly obtained against the personal repre-
sentatives of a deceased person is duly proven to the county court, under sec.
65 of chap. 3, Rev. Stat., by a copy thereof, duly certified. Such certified copy
shows it to be a legal claim against the estate to the extent it purports. This
section has nothing to do with taking judgments against estates, but is
simply confined to declaring a rule of evidence in regard to judgments
already obtained against estates.

APPEAL from the Appellate Court for the Fourth Dis-
trict;—heard in that court on appeal from the Circuit Court
of Richland county; the Hon. WILLIAM C. JONES, Judge, pre-
siding.

Andrew Darling, in and by his last will and testament,
appointed Adaline Darling, Robert Byers, and Samuel C.
Clubb, to be executors of the same. After his death, and on
the 28th day of April, A. D. 1874, letters testamentary, in
due form of law, were thereupon granted to them by the
county court of Richland county, and they then duly qualified
as such, and entered upon the administration of the estate.
Shortly thereafter Peter McDonald commenced an action of
assumpsit, in the Richland circuit court, against said execu-
tors, in their capacity as such, for services rendered their
testator in nursing, in his last illness, etc. Having been
properly summoned, they appeared and plead to the action,

and the cause was tried at the November term, 1874, of that court, and resulted in a judgment in favor of McDonald, and against the executors, for $6420. The executors prosecuted an appeal from that judgment to this court, and the same was, by the judgment of this court, reversed, and the cause remanded. (See *Darling et al.* v. *McDonald*, 77 Ill. 520.) At the November term, 1875, of the Richland circuit court, the cause was again tried in that court, and this time resulted in a judgment in favor of McDonald and against the executors, for $7640, to be paid in due course of administration. An appeal was also prosecuted by the executors, from this judgment, to this court, but on hearing it was, in all things, affirmed by this court. Subsequently, on petition of the executors, a rehearing was ordered, and thereafter, at our June term, 1879, on full consideration of the cause, we adjudged again that the judgment of the Richland circuit court should, in all things, be affirmed.

At the November term, 1878, of the Richland circuit court, which was after the affirmance of said last judgment, and before the granting of a rehearing in the cause, an order was entered directing the executors to pay the judgment as a 7th class claim, and ordering a copy of its record to be certified to the county court. In January, 1879, notice was served upon the executors that the clerk of the circuit court had filed in the county court copies of said judgment and orders, and that McDonald would ask the county court to enter the judgment as duly proven, and for other purposes. At the same term of the Richland county court, and after the service of this notice, McDonald presented his petition to that court, praying that court to enter of record said judgment as a claim against the estate of the testator, duly proven, and that the executors pay it out of the general assets. The county court refused to grant the prayer of this petition, and to make such order, and from this refusal McDonald appealed to the circuit court of Richland county. On hearing this appeal the circuit

court of Richland county, at its November term, 1879, granted
the prayer of McDonald's petition, and ordered that the judg-.
ment be paid as a 7th class claim against the testator's estate.
At the December term, 1879, of the Richland county court,
a transcript of the judgment and orders of the circuit court
of that county in the case was presented, and that court was
asked to register said judgment.   This motion was resisted
by the executors.   The court took the matter under advise-
ment until its January term, 1880, and then proceeded to
render judgment on said transcript, classifying the same as
a 7th class claim, and directing its payment in due course of
administration.

The executors prayed an appeal from this judgment and
order to the circuit court, but did not perfect the same.
Upon an amended report filed by the executors, the county
court proceeded to ascertain the whole amount of moneys
and assets belonging to the estate, which had come into the
hands of the executors, and the whole amount of debts estab-
lished against said estate, and thereupon made an order
directing the executors to pay to appellee his judgment within
thirty days.   The executors appealed from this order to the
circuit court of Richland county, which court, by its judg-
ment rendered at its April term, 1881, affirmed the same.
The executors then appealed from that judgment to the Ap-
pellate Court for the Fourth District, and that court having
by its judgment affirmed the same, the present appeal is pro-
secuted.

Messrs. BELL & GREEN, for the appellants.

Messrs. WILSON & HUTCHINSON, and Mr. J. P. ROBINSON, for
the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The order from which this appeal is prosecuted directs the
payment of a judgment rendered by the circuit court of

Richland county, in favor of McDonald and against Darling's executors, in an action of assumpsit, for the personal services of McDonald in nursing Darling during his last sickness. Beyond all question this was a "cause in law," and being such, the court had original jurisdiction in "the cause" under sec. 12, art. 6, of the constitution; and this jurisdiction is unaffected by the statute conferring jurisdiction upon the county court in the same class of "causes." *Myers* v. *The People,* 67 Ill. 503; *Mapes* v. *The People,* 69 id. 525; *Burns* v. *Henderson,* 20 id. 264. All necessary parties were legally before the court, and the court having thus had jurisdiction of the persons and the subject matter, its judgment is now *res judicata. Smith* v. *Brittenham,* 94 Ill. 624; *Chicago and Alton R. R. Co.* v. *The People ex rel.* 72 id. 82; *Rising et ux.* v. *Carr,* 70 id. 596; *Campbell* v. *Rankin,* 99 U. S. (9 Otto,) 26.

The judgment is, that the amount recovered is "to be paid in due course of administration." Where the defence is successfully interposed that suit was not commenced, or the claim was not exhibited, within two years after the grant of letters of administration, the judgment must be special, and payable out of assets to be thereafter inventoried, corresponding to the common law judgment of *quando acciderint. Thorn* v. *Watson,* 5 Gilm. 26; *Judy* v. *Kelley,* 11 Ill. 211; *Peacock* v. *Haven, Admr.* 22 id. 23; *Russell* v. *Hubbard,* 59 id. 335; *Shepard, etc.* v. *National Bank, etc.* 67 id. 292. "Such a judgment does not imply assets for the satisfaction of the debt. The presumption at the end of two years from the grant of administration is, that the personal estate has been fully inventoried, or accounted for, by the executor or administrator." *Ryan* v. *Jones,* 15 Ill. 6.

At common law, a judgment against an executor or administrator which was entitled to be satisfied out of the assets administered *(de bonis testatoris),* was for the debt, or damages and costs, "to be levied of the goods of the testator or

intestate in the hands of the executor or administrator to be administered." 2 Tidd's Practice (3d Am. ed.) 112, *113; 2 Williams on Executors, (3d Am. ed.) 1685, *1687; and 1691, *1692. · At an early day, however, this court held that it was error to award execution in such a judgment. The reason controlling was, that all the creditors of the estate are entitled to rely upon administration and distribution of the estate in the mode provided by the statute, for the payment of their debts. *Greenwood* v. *Spiller,* 2 Scam. 502, and *Welch* v. *Wallace,* 3 Gilm. 490. In the last named case this court corrected the form of the judgment, and made it conclude, "to be paid in due course of administration." See, also, *Judy* v. *Kelley, supra.*

In *Greene, Admr. etc.* v. *Grimshaw,* 11 Ill. 389, a judgment against an administrator, not awarding execution, but expressed "to be levied of the goods and chattels, etc., in the hands of the administrator to be administered," (as in the common law form of a judgment *de bonis testatoris, supra,*) was held to be sufficient as establishing a demand against the estate which the administrator was required to pay in due course of administration.

In *Ryan* v. *Jones, supra,* it was said: "Where the two years' limitation is not successfully interposed by the administrator, the judgment against him is for the amount of the plaintiff's debt, to be paid in the due course of administration."

In *Wells* v. *Miller,* 45 Ill. 33, the defence was, the general issue, and notice thereunder that the claim was not presented within two years after the grant of letters of administration. The judgment of the lower court was, that the plaintiff recover the amount of his claim, "to be satisfied out of such estate or assets of said J. C. Miller [the intestate] as may be or may have been discovered, after two years from the grant of letters of administration on said estate, not inventoried or accounted for." This court found, as a fact, that

the claim had been properly exhibited within two years from the grant of letters of administration, and therefore reversed that judgment, and directed that judgment be entered, "to be paid in due course of administration."

And in *People, use, etc.* v. *Gray,* 72 Ill. 343, it was held: "Where a judgment rendered by a county court for the payment, in due course of administration, of a claim exhibited against an estate, does not provide for its payment from assets of the estate not then inventoried, the presumption is the claim was exhibited within two years from the time of granting letters of administration."

It is, therefore, clear, under the authority of these decisions, that this judgment is not limited to future discovered or inventoried assets for payment, but is entitled to be paid out of the assets administered. Indeed, the language of the judgment, apart from the decisions, would seem to clearly show this. It implies the administration is not completed, and that payment is to be made in the course or order of administration,—that is, in the manner and order that other debts of like dignity are to be paid. Nothing therefore remained for the executors to do but to obey the command of that judgment,—pay the amount in due course of administration.

But the objection is raised, that under the statute the executors were authorized to pay no claim out of the assets administered, unless it had been presented to and allowed by the county court at the term thereof fixed upon by the executors for the adjustment of claims against the estate, or the same had been filed with the clerk of the county court, and summons been thereupon issued within two years from the grant of letters testamentary, etc. It is a sufficient answer to this, that the circuit court of Richland county, a court of competent jurisdiction, has adjudged otherwise, and ordered the claim, as it is, to be paid in due course of administration, and this court has affirmed that judgment. However

erroneous it may have been, the cause of action thereafter ceased to be the subject of litigation, and it could no longer be questioned whether the court was authorized to render the judgment as it did.    This judgment bound the assets in the hands of the executors.    *Gold, Admr.* v. *Bailey*, 44 Ill. 491. But we have seen they could not be seized and sold on execution, nor under the judgment rendered could McDonald be postponed to future discovered and inventoried assets, and so all that remained was for the executors to pay, as was ordered, "in due course of administration."    The statute itself fixes the class to which the claim belongs, and hence, "due course of administration" means that it shall be paid as, and *pro rata* with, other claims of that class, out of the assets administered.    The power of the county court to enforce settlement of the estate, and hence to make the order appealed from, is ample under the statute.    Rev. Stat. 1874, chap. 3, secs. 111, 112, 113, 114.    And since the executors were parties to the judgment, they needed no further notice of its existence.    It was their duty to pay it without further notice or demand.    But it is unnecessary to rest the affirmance of the order of the county court exclusively upon this ground.

The circuit court having original jurisdiction, unaffected by the statute conferring jurisdiction upon the county court, in the "cause in law," it necessarily follows that it had power to render a judgment therein binding upon the parties, and power to enforce a judgment follows, also, as a necessary incident to the power to render the judgment; but power is expressly conferred upon circuit courts by sec. 26, chap. 37, Rev. Stat. 1874, to "make and award such judgments, decrees, orders and injunctions, and to issue all such writs and process as may be necessary or proper to carry into effect the powers granted to them."

Clearly, then, the circuit court had power, after having rendered judgment "to be paid in due course of administra-

tion," to direct its classification as a 7th class claim, in analogy to and in order to harmonize with the statute relating to the allowance of claims and rendering of judgments against estates in county courts, and that the record be certified to the county court; and the county court having power to enforce settlements of estates generally, necessarily had power, and it was its duty, (for otherwise the estate could not be settled), to include in such settlement payment of this judgment.

It is quite true that the present statute, in providing for the classification of claims against estates, fixing the period of limitation for exhibiting or suing upon such claims, and the mode of obtaining judgment thereon, speaks only of the county courts; but the manifest purpose and design of the statute was to provide a complete system for the administration and settlement of estates, and this, obviously, can not be the effect of the statute if judgments in the circuit courts are to sustain a different relation with reference to the assets of the estate, from that sustained by judgments in the county courts, and be enforced without regard to that statute. Such a construction would necessarily defeat the chief beneficial results that would otherwise flow from the statute.

Since the circuit court is of general original jurisdiction, and an appeal is expressly allowed to it from all orders and judgments of the county court, it can not be presumed its judgments were to be submitted to the revision of the county court.

The claims required to be presented by sec. 60, chap. 3, at the term of the county court fixed upon for the adjustment of claims against the estate, are those which have not been liquidated or established, and upon which it is necessary to hear evidence, and not those that have been reduced to judgment, binding upon the executors or administrators. This, the language of that section shows beyond all controversy, for it provides for the introduction of evidence, if the

claim be not admitted, and trial by jury, and requires the
claim, in any event, to be sustained by the sworn evidence of
the claimant that it is just and unpaid, and an order of the
county court allowing it (in the nature of a judgment) must
then be entered before it becomes a charge upon the estate;
and the same may be said in regard to bringing suit against
the executor or administrator, under the next section,—the
61st. Such suits are not to be brought on a judgment already
binding the executor or administrator, but on a claim not
established as a legal charge against the estate, and upon
which there is to be a regular trial, as in any other cause in
law, and a judgment of the court rendered.

The statute, however, expressly recognizes the right of the
circuit court to proceed to trial and render judgments against
executors and administrators. Thus, in secs. 11, 12, 13 and
18, of chap. 1, title "Abatement," Rev. Stat. 1874, it is pro-
vided, where the defendant dies before trial, and while the
suit is pending, the suit shall not abate, but the administra-
tor or executor shall be made defendant, and judgment shall
be rendered against him. This, of course, implies that the
cause of action is one that does not die with the defend-
ant and that constitutes a valid charge against his estate.
By sec. 123, of chap. 3, it is provided, that "in addition to
the actions which survive at common law, the following shall
also survive: Actions of replevin, actions to recover damages
for an injury to the person (except slander and libel), actions
to recover damages for an injury to real or personal property,
or for the detention or conversion of personal property, and
actions against officers for misfeasance, malfeasance, or non-
feasance of. themselves or their deputies, and all actions for
fraud or deceit." So in regard to garnishment, it is provided
by sec. 18, chap. 62, Rev. Stat. 1874: "In case of the death
of a person served as garnishee, his executors or administra-
tors may be made a party, and notified, unless his appearance
is entered, as in case of the death of a defendant, and the

cause may proceed against him as personal representative of the deceased." So, also, in case of attachments in circuit courts, sec. 3, of chap. 11, Rev. Stat. 1874, provides: "Heirs, executors and administrators of deceased defendants shall be subject to the provisions of this act, in all cases in which it may be applicable to them."

Now, in all these cases, and perhaps in others, it is clearly contemplated judgment shall be rendered against executors and administrators, to be paid out of the assets administered, in due course of administration,—and in such of them as are for the recovery of punitive or exemplary damages, it would be impossible, in advance of judgment, to file a definite statement of the amount, in the county court; yet there is no more mention made or notice taken of such judgments in secs. 60 and 61, *supra*, than there is of judgments rendered by the circuit court in cases originally commenced against executors or administrators in that court. In such cases it is plain to every mind the claims are not unadjusted, as are the claims contemplated by those sections, but they are adjusted,—their validity is established beyond controversy, and they are made fixed charges against the assets administered; and it is simply nonsensical to say that their validity remains to be fixed by any judgment to be passed upon them by the county court.

It is provided by sec. 65 of chap. 3, *supra*, that "a judgment regularly obtained, or a copy thereof duly certified and filed with the court, shall be taken as duly proven." This is not free from obscurity, but still, we think its meaning is apparent. Of course, it has no reference to judgments to be obtained in the county court, for section 61 governs them, and they can need no production or proof; but in discharging the duty of causing settlement to be made of the estate, it is necessary that the county court should be advised of the existence, and in some way have before it evidence of the nature and amount, of all the judgments against the executor

or administrator which bind the estate, otherwise it could never know whether the estate was settled or not, and could not intelligently pass upon the accounts of the executor or administrator. Hence the judgment itself, or a copy thereof, is made evidence that "it is duly proven," and so is a legal claim, to the extent it purports, against the estate. It will be observed, this section has nothing to do with allowing claims or taking judgments against estates, but is simply confined to declaring a rule of evidence in regard to judgments already obtained against estates.

The county court being thus required to recognize the present judgment as duly proven, had, in our opinion, no power to deny the force and effect it had as a judgment of the circuit court. Other claims of like character, though allowed by the county court, could therefore have no priority over it,—it could not be postponed; and so it follows that all that was possible was either to pay it prior and in preference to other claims, or *pro rata* with them, and in either view the order of payment is right; but although it is not within the letter of the statute to classify it with claims allowed by the county court, it is within the clear and manifest spirit and purpose of the statute to do so. Beyond all question, as a judgment of the circuit court it is entitled to payment in the "due course of administration,"—it is the duty of the county court, in causing settlement of the estate, to enforce its payment,—and that court has no authority, in doing so, to impair the force and effect of the judgment as a judgment of the circuit court. It should be treated, as it was by the county court, just like a judgment of that court in a suit commenced under the provisions of section 61, by summons, and classified and paid, in the settlement of the estate, as such a judgment would be entitled to be classified and paid.

The judgment is affirmed.

*Judgment affirmed.*