Louisa McCall *et al.*

*v.*

Henry R. Lee.

*Filed at Springfield March 23, 1887.*

1. Administration of estates—*keeping claim upon the docket—reinstating same.* A claim against an estate was filed in proper time, of which filing the personal representative had due notice, but the clerk omitted to continue and keep the case and claim upon the docket from term to term. An order re-instating the claim was entered, after motion duly made, and ten days' notice of the motion duly served upon the executors. Upon objection that the claim was improperly re-instated, it was *held,* that having been filed in time, it made no difference whether the clerk kept it on the docket or not, so long as there was no order in any way disposing of it; so the objection was *not* well taken.

2. Same—*amendment, by changing the name of the claimant.* Where a claim has been filed in the county court in the time required by law, that court may properly allow an amendment of the claim filed, by changing the name of the claimant, even after the time limited for the filing of claims, when the effect is not to introduce a new and different cause of action. When no new cause of action is introduced, the courts will allow amendments liberally, for the purpose of avoiding the bar of the Statute of Limitations.

3. Same—*classification of claims when allowed—whether essential.* On appeal from the county court, a judgment of the circuit court, in allowing a claim against an estate, will not be erroneous, merely because the order fails to fix the class to which the claim belongs. That court has the power to direct the classification of a claim allowed by it, but it is not error for it to

fail to do so. The statute fixes the class to which it belongs. . The direction that it be paid in due course of administration, means that it shall be paid as, and *pro rata* with, other claims of the same class, out of the assets administered.

4. SAME—*considering the equities, in allowance of claim.* The county court, in considering claims against estates, is not limited to the technical legal rights of the parties, but may act upon their equities.

5. ESTATE IN PERSONAL PROPERTY—*life estate, with limitation over.* Personal property may be given, by contract or by will, to one person for life, with remainder over to another after the life interest therein has expired; and such limitation over is good as to every species of chattels of a durable nature.

6. A husband, as the sole heir of his deceased wife in her personal estate, consisting mostly of notes, and as heir of one-half her real estate, conveyed and transferred to his wife's mother one-half of the land and the personal estate for her life, under a written agreement that at her death the interest so transferred to her should go to the husband, and the mother collected the notes and converted the property into money, and by her will gave all her property to others. It was *held*, that the husband was entitled to have the amount of such property so converted by his mother-in-law, allowed as an equitable claim against the estate of the latter.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Fulton county; the Hon. JOHN C. BAGBY, Judge, presiding.

Messrs. GRAY & WAGGONER, and Mr. D. McCULLOCH, for the appellants:

There was no debt created which could be allowed against the estate, but, if anything, there was only an intermixture of property.

· If the contract has any meaning, it is, that at the death of Catherine Dwire that part of her daughter's estate which she had received of appellee was to go back to him. The contract did not require that Mrs. Dwire, or her representatives, should pay for the land, the piano, spread and stool, the clothing, jewelry, etc.

There could be no trover and conversion, because, while Mrs. Dwire lived, the notes, etc., were hers, and she could do with them as she pleased. If, after her death, appellants

had converted any notes belonging to appellee, they would have been responsible personally. If Mrs. Dwire wasted the principal, his remedy was an action on the case, which ceased at her death.

The cause was erroneously re-instated upon the docket of the county court, there being a discontinuance.

The judgment was erroneous. It should have been classified. (*Darling* v. *McDonald*, 101 Ill. 370.) It should have been ordered to be paid out of subsequently discovered assets. *Wallace* v. *Gatchell*, 106 Ill. 316; *Russell* v. *Hubbard*, 59 id. 335.

The substitution of the name of appellee as plaintiff, was the commencement of the suit, as to him, for his alleged cause of action, which is for a breach of the contract between him and Catharine Dwire, and a new count necessarily should have been added to state his cause of action. *Railroad Co.* v. *Cobb*, 64 Ill. 128; *Dickson* v. *Railroad Co.* 81 id. 216.

The claim filed by McKee could not be maintained upon the proofs requisite to sustain appellee's case. The allegations and proofs would not correspond. *Brock* v. *Slaten*, 82 Ill. 282; *Lill* v. *Brant*, 1 Bradw. 266.

Any defence available against appellee could only be relied upon from the time he became the plaintiff. *Thomas* v. *Fame Ins. Co.* 108 Ill. 100.

Messrs. McKENZIE & CALKINS, for the appellee:

A contract payable upon the party's death, may be enforced against his estate.

The claim was filed within the two years, in the name of Thomas McKee, administrator of Kate Lee's estate, but was filed for the benefit of appellee. The amendment, by substituting the name of appellee, was proper. *People* v. *Abbott*, 105 Ill. 588.

As to the right to make the amendment, see Rev. Stat. chap. 110, sec. 23; *McDowell* v. *Town*, 90 Ill. 359; *Insur-*

*ance Co.* v. *Mueller,* 87 id. 22; *Coal Co.* v. *Taylor,* id. 590; *Challenor* v. *Niles,* 78 id. 78.

When no new cause of action is introduced, courts will allow amendments liberally, on purpose to prevent the running of the Statute of Limitations. *Railroad Co.* v. *Cobb,* 64 Ill. 140; *Railroad Co.* v. *Phelps,* 4 Bradw. 238; *Insurance Co.* v. *Batchen,* 6 id. 638.

The county court never lost jurisdiction of the case. *Barbero* v. *Thurman,* 49 Ill. 374; *Housh* v. *People,* 66 id. 178.

The judgment is not invalid for failing to classify the claim, as the law fixes the class.

Chattels may be limited over, by way of remainder, after a life in them is created. This limitation over in remainder, is good as to every species of chattels of a durable nature. 2 Kent's Com. 352; 2 Sharswood's Black. 398; *Smith* v. *Clever,* 2 Vern. 59; *Hyde* v. *Parrat,* 1 P. Wms. 1; *Porter* v. *Tourney,* 3 Ves. 311; *Moffatt* v. *Strong,* 10 Johns. 12.

Mr. Justice Magruder delivered the opinion of the Court:

This is a claim, filed April 11, 1881, in the county court of Fulton county by Thomas McKee, as administrator of the estate of Kate H. Lee, deceased, against the estate of Catherine Dwire, deceased. Catherine Dwire died testate on April 24, 1879, and letters testamentary were issued to the appellants, as executors of her will, on May 10, 1879.

By agreement between the claimant and the executors, the case was continued, until a case between the same parties, then pending in the circuit court of Knox county, should be finally disposed of. The latter case was decided in March, 1883, and is reported, as *The People, for use, etc.* v. *Abbott et al.* 105 Ill. 588. By reference thereto, the facts and questions involved will fully appear without repetition here.

The claim against the Dwire estate was permitted to rest, and no steps were taken in reference to it, until August, 1883, when it was re-instated by the county court, and, upon hear-

ing, disallowed. An appeal was taken to the circuit court, where the case was tried before the judge without a jury, and a judgment was rendered, allowing the claim. This judgment has been affirmed by the Appellate Court, and an appeal from that court brings its judgment of affirmance before us for review.

It is objected, that the county court erred in allowing the claim to be re-instated, inasmuch as the clerk had omitted to continue and keep the case and claim upon the docket from term to term. The order, re-instating the claim, was entered after motion duly made, and ten days' notice of such motion, duly served upon the executors. The executors must have had notice of the original filing of the claim, as they agreed to a postponement of its consideration, until after the determination of the Knox county case. The claim, having been filed in time, it made no difference whether the clerk kept it on the docket or not, so long as there was no order in any manner disposing of it. Upon the authority of *Barbero* v. *Thurman*, 49 Ill. 283, the objection to its re-instatement is not well taken.

In *The People, etc.* v. *Abbott et al. supra*, this court intimated, that the real party in interest in the prosecution of the claim was Henry R. Lee, the appellee herein, and not Thomas McKee, administrator. Accordingly, after the cause was re-instated, the county court, upon application for that purpose and after due notice, permitted an amendment to be made, substituting the name of appellee, as plaintiff, in the place of that of McKee, administrator. It is charged, that this amendment was improper; that its allowance amounted to the filing of a new claim by a new party, after the two years, limited for the filing of claims, had expired, and that, therefore, the circuit court erred in directing the judgment in appellee's favor to be paid out of the assets of the estate in due course of administration, instead of directing it to be paid out of subsequently discovered or non-inventoried assets.

Section 23 of the Practice act permits amendments, "introducing any party necessary to be joined as plaintiff," and in any matter, that "may enable the plaintiff to sustain the action for the claim, for which it was intended to be brought," and provides, that "the adjudication of the court, allowing an amendment shall be conclusive evidence of the identity of the action." (Starr & C. Stat. chap. 110, page 1787.) In this case, the amendment did not make a new cause of action. The claim, as originally filed, was for the amounts of certain notes and other property, turned over by appellee to Mrs. Dwire in her lifetime. After the substitution of appellee's name, the claim was still for the same notes and property. April 11, 1881, the day on which it was filed, was within the two years. Where no new cause of action is introduced, courts will allow amendments liberally for the purpose of avoiding the running of the statute. We think that the amendment was properly allowed on the authority of the following cases: *McDowell* v. *Town*, 90 Ill. 359; *Litchfield Coal Co.* v. *Taylor*, 81 id. 590; *Teutonia Life Ins. Co.* v. *Mueller*, 77 id. 22; *Challenor* v. *Niles*, 78 id. 78.

It is said, that the judgment of the circuit court is erroneous in not determining the class, to which appellee's claim belongs, in accordance with section 70 of chapter 3 of the Revised Statutes. The circuit court undoubtedly has the right to direct the classification of claims, (*Darling et al.* v. *McDonald*, 101 Ill. 370,) but we do not think, that the failure to do so, in this case, makes the judgment erroneous. The statute itself fixes the class, to which the claim belongs, and the direction, that it be paid in the "due course of administration," means, that it shall be paid as, and *pro rata* with, other claims of that class, out of the assets administered.

The claim itself, upon which the judgment has been rendered, is attacked as illegal. Mrs. Kate H. Lee, wife of appellee, and daughter of Mrs. Dwire, died December 21, 1876, intestate, and without children, and being the owner of a piece

of land in Iowa, valued at $1600, and $14,000 worth of personal property, consisting mostly of notes against various parties. Appellee, her husband, was, at her death, the owner, by inheritance, of all her personal property, and of one-half of her land, together with dower in the other half. In February, 1877, he turned over to Mrs. Dwire one-half of the personal property, so inherited by him from his wife, and executed to her a quitclaim deed of the Iowa land, thereby conveying to her the half thereof, owned by himself and relinquishing to her his dower in the other half, which she owned, as heir of her daughter. There was no other consideration whatever for this transfer from appellee to his mother-in-law, except the following agreement, which was executed between them:

"*Article of agreement between Henry R. Lee, of Galesburg, and Mrs. Catherine Dwire, of Canton*:

"It is agreed and fully understood between ourselves, viz., Mrs. Catherine Dwire and Henry R. Lee, that the property, both real and personal, belonging to Mrs. K. R. Lee, deceased, in her own right, shall be equally divided between Mrs. Catherine Dwire, her mother, and Henry R. Lee, her husband, said division to take place after all her debts are fully paid, including funeral expenses. And it is further agreed, that in case Mrs. Catherine Dwire should die first, her one-half interest should go to Henry R. Lee; and if Henry R. Lee should die first, then his one-half interest shall go to Mrs. Catherine Dwire. We hereunto set our hands, this eighth day of January, 1877. HENRY R. LEE,
CATHERINE DWIRE."

Much of the property, so obtained by her from appellee, Mrs. Dwire converted into money during her lifetime, and, after her death, the remainder, undisposed of, was inventoried by her executors, as part of her estate. In the inventory, introduced in evidence, the land is not mentioned. Upon demand made of them in writing by appellee, the executors

refused to pay over to him any of such moneys, or to deliver to him any of such property, but retained the same as belonging to the Dwire estate. It is admitted by counsel for appellants, in their brief, that at the time, when the above agreement was made, Mrs. Dwire executed a will, devising all her estate, except her homestead, to the appellee. This will was evidently made for the purpose of more fully carrying out the agreement. The will, so made, was, however, found to be missing after Mrs. Dwire's death, and, instead thereof, a will, made by her as early as March 28, 1877, was produced and admitted to probate, by the terms of which she left her whole estate to her sister, her niece and her two nephews. These circumstances would tend to show an intended conversion of the property on her part in her lifetime. It is the will of March 28, 1877, of which appellants were appointed executors.

The property, delivered by appellee to Mrs. Dwire in pursuance of the foregoing agreement, is the same property, for the amount of which the claim, now under consideration, has been filed. The agreement was in effect a gift of the use of the property to Mrs. Dwire during her lifetime. Chattels may be limited over by way of remainder after a life estate in them is created. Personal property may be so limited by will. The limitation may also be by deed to one person for life, with remainder over to another after the life interest in the chattel has expired. This limitation over in remainder is good as to every species of chattels of a durable nature. 2 Kent's Com. 352; 2 Blackstone, 398; *Smith* v. *Clever,* 2 Vern. 59; *Hyde* v. *Parrat,* 1 P. Wms. 1; *Porter* v. *Tourney,* 3 Ves. 311; *Moffatt* v. *Strong,* 10 Johns. 12; *Trogdon* v. *Murphy,* 85 Ill. 119.

It follows, that, during Mrs. Dwire's life, she had a right to use the property in question, or the money realized from the sale of it and from the collection of the notes. When she died, it was to go to appellee; it belonged to him, when her life interest in it ended. Since her death, it has passed into

the hands of her executors and become mingled with the property of her own estate. The executors refuse to recognize the interest of appellee in any part of it. The county court, in considering claims against estates, is not limited to the technical legal rights of parties, but may act upon their equities. Under these circumstances, we do not see why the appellee has not a lawful claim against the estate.

The questions of fact, which counsel press so urgently upon our attention, are settled by the judgment of the Appellate Court, and we can not review them.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. Justice Shope, having partially heard this cause on the circuit, took no part in the consideration in this case.