THOMAS BRADWELL, Admr.

*v.*

SAMUEL R. WILSON, Admr.

*Filed at Ottawa October 11, 1895.*

1. JUSTICES OF THE PEACE—*have jurisdiction in suits against administrators.*· An action against an administrator upon a cause of action against his intestate for damages not exceeding $200, and of a character cognizable by justices under the statute, is within the jurisdiction of a justice of the peace, there being no constitutional or statutory provisions to the contrary.

2. JUDGMENT—*immaterial direction in justice's judgment—effect.* The fact that a judgment against an administrator directed the payment of the sum recovered, with costs, "as a claim of the seventh class," does not make the judgment erroneous.

3. EXECUTORS AND ADMINISTRATORS—*proof of claim by certified copy of judgment.* A claim against a deceased person's estate is established in probate by filing in the probate court a certified copy of a judgment regularly obtained against the personal representative.

*Bradwell* v. *Wilson,* 57 Ill. App. 162, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

JAMES A. PETERSON, for appellant:

A justice of the peace has jurisdiction to render a judgment against an administrator for $200. *Williams* v. *Blankenship,* 12 Ill. 122; Hurd's Stat. 1893, chap. 3, sec. 65, p. 119; chap. 79, sec. 13, p. 901.

The probate court of Cook county has not exclusive jurisdiction of claims against estates of deceased persons, and would have no jurisdiction unless granted by statute. *Darling* v. *McDonald,* 101 Ill. 370; *Morgan* v. *Hoyt,* 69 id. 489.

A petition duly verified, which sets up the claim, is a proper presentation of the matter. *Smith* v. *Goodman,* 149 Ill. 370.

The classification of claims may be made by the court. If the justice made an error, the remedy was by appeal. Classification, however, is not necessary, but may be left to the probate court.  *McCall* v. *Lee*, 120 Ill. 261.

The Appellate Court awarded execution against appellant as administrator of his estate.   This has been held to be error ever since the decision of *Welch* v. *Wallace*, 3 Gilm. 496.

WALTER SAYLER, for appellee:

Chapter 79, section 13, of the Revised Statutes, only confers jurisdiction where both plaintiff and defendant are living.   If either be dead no jurisdiction is conferred. Chapter 3, section 65, relates to judgments obtained against the deceased while living, and as no judgment can be obtained against him after his decease, it is difficult to see how jurisdiction is conferred by this section.

The Revised Statutes take away from justices of the peace their probate jurisdiction and delegate it to county and probate courts.  Rev. Stat. chap. 37, sec. 253; chap. 3, sec. 60;  Const. art. 6, sec. 20.

Mr. JUSTICE BAKER delivered the opinion of the court:

Appellant is the administrator of one estate and appellee of another.   The intestate represented by appellant recovered a judgment in assumpsit against appellee as administrator before a justice of the peace in Cook county.   The judgment, as it was therein expressed, was to be paid "as a claim of the seventh class, in due course of administration."   That judgment was presented to the probate court by petition, praying that it be allowed as a claim of that class against the estate.   The probate court, and the circuit court, to which the cause was appealed, denied the prayer and dismissed the petition.   An appeal was thereupon taken to the Appellate Court, and from the judgment of that court affirming the judgment of the circuit court this appeal is prosecuted.

The sole question presented by the record is, has a justice of the peace jurisdiction of an action against an administrator upon an alleged cause of action against his intestate?

The only constitutional provision regarding justices of the peace is, that they shall be elected in and for such districts as are or may be provided by law, and that their jurisdiction shall be uniform. (Const. of 1870, art. 6, sec. 21.) It is thus left to the legislature to say what that jurisdiction shall be, and, necessarily, such justices have only such jurisdiction as that body has conferred upon them. The statute defining their jurisdiction in civil cases provides: "Justices of the peace shall have jurisdiction in their respective districts in the following cases, when the amount claimed does not exceed two hundred dollars ($200): First, in actions arising on contracts, whether under seal or not, express or implied, for the recovery of money only. * * * Sixth, * * * and in all cases where the action of debt or assumpsit will lie, if the damages claimed do not exceed two hundred dollars ($200.)" (Starr & Curtis, sec. 13, chap. 79, p. 1435.) The only restriction placed upon their jurisdiction limits it as to the amount involved and as to particular kinds of action. The statute does not restrict their jurisdiction over any class of persons. It makes no mention of executors or administrators.

*Williams* v. *Blankenship,* 12 Ill. 122, was a case where the administrators of one deceased sued the executors of another before a justice of the peace, who rendered a judgment against the executors for $43.18. The question presented on appeal was, whether or not the justice, sitting as a justice of the peace, had jurisdiction of the cause. The decision was based upon section 17, chapter 59, of the Revised Statutes of 1845, which, after conferring jurisdiction, in general terms, upon justices of the peace in all actions for the recovery of debts and demands in which the amount claimed did not exceed $100, and for

which debt or assumpsit would lie, declared that they should have jurisdiction, also, "(10) in all actions in which an executor or administrator is plaintiff, or for property purchased at an executor's or administrator's sale, where the amount claimed does not exceed $100," and "(11) in all actions in which an executor or administrator is defendant, where the amount claimed does not exceed $20." And it was held that the justice had exceeded his jurisdiction in that he had rendered judgment for $43.18, when the statute expressly limited his jurisdiction in such a case to claims not exceeding $20. This court there said: "If these two clauses [referring to clauses 10 and 11, *supra*,] had been left out of the statute, the preceding provisions might be construed as conferring jurisdiction on justices of the peace, in actions by or against executors or administrators, to the extent of $100; but being introduced, they must be understood as qualifying and restraining the operation of the general provisions to cases in which neither executors nor administrators are parties." Although the court did not decide (because it was unnecessary to do so) the question involved in the case at bar, still the case is in point to the extent that it shows that in the court's view clauses 10 and 11, above quoted, simply limited the jurisdiction which justices of the peace would otherwise have had under the general provisions of the statute, and did not confer upon them any additional jurisdiction.

The statute now in force conferring jurisdiction in civil causes upon justices of the peace is quite as general in its terms as was the statute of 1845. In the light of what was said by the court in *Williams* v. *Blankenship*, is it not fair to assume that the legislature, when enacting the present law, in leaving out of it clauses 10 and 11 of the old statute and not incorporating therein any similar provisions, intended thereby, not, as contended by appellee, to take away altogether from justices of the peace their jurisdiction in suits by or against executors or

administrators, but merely to remove the restrictions placed upon such jurisdiction by said clauses 10 and 11 of the old statute? Courts will, in construing a statute, look at a former similar statute and the construction thereof by the court of last resort, so as to arrive at what were the proper purpose and design of the legislature in passing a new act. *Hutchinson* v. *Hutchinson,* 152 Ill. 347.

There is nothing in the constitution or statute conferring probate jurisdiction on probate and county courts inconsistent with the jurisdiction here contended for by appellant. The claim of appellee that sections 60 and 61 of chapter 3 (Starr & Curtis, p. 215,) are not consistent with such a jurisdiction is not based upon reason or supported by authority.

In *Darling* v. *McDonald,* 101 Ill. 370, McDonald brought suit in assumpsit in the circuit court, and recovered judgment against Adaline Darling and others, executors, etc., in their capacity as such, for services rendered their testator during his last illness, etc. The judgment recited that the amount recovered was to be paid "in due course of administration," and it was ordered by said court that the judgment be paid as a claim of the seventh class. The judgment was duly presented to the county court, with the prayer that it be allowed as a claim as ordered by the circuit court, but the executors resisted its allowance. It was urged by the executors that the judgment was not a valid charge upon the assets in their hands, and that the county court should refuse to allow it as a claim against their testator's estate. The question presented to this court upon the appeal was, whether or not the circuit court had exceeded its jurisdiction. The argument of counsel for the executors was, that inasmuch as no original jurisdiction was in express terms given in such a case to circuit courts, the law conferring probate jurisdiction upon county and probate courts ousted them of any such jurisdiction which they might otherwise have claimed, and thereby gave to county and probate courts

exclusive original jurisdiction. This court held that this was a "cause in law," and being such, the circuit court had original jurisdiction in the cause under section 12, article 6, of the constitution, and that this jurisdiction is unaffected by the statute conferring jurisdiction upon the county court in the same class of causes. And it was said, that while the present statute, in providing for the classification of claims against estates, fixing the period of limitation for exhibiting or suing upon such claims and the mode of obtaining judgment thereon, speaks only of the county courts, still the manifest purpose and design of the statute are to provide a complete system for the administration and settling of estates, and not to give county courts exclusive jurisdiction of actions against executors or administrators. And it was further said (p. 378): "The claims required to be presented by section 60, chapter 3, at the term of the county court fixed upon for the adjustment of claims against the estate, are those which have not been liquidated or established and upon which it is necessary to hear evidence, and not those that have been reduced to judgment, binding upon the executors or administrators. * * * And the same may be said in regard to bringing suit against the executor or administrator under the next section,—the 61st. Such suits are not to be brought on a judgment already binding the executor or administrator, but on a claim not established as a legal charge against the estate, and upon which there is to be a regular trial, as in any other cause in law, and a judgment of the court rendered."

Therefore, since neither by the constitution nor by legislative enactment are justices of the peace forbidden jurisdiction in actions against executors or administrators, and since such jurisdiction is neither incompatible with nor in any way interferes with the probate jurisdiction of county and probate courts, and since there seems to be as much reason for holding that section 13 of chapter 79, *supra*, is broad enough to confer such jurisdiction

upon justices of the peace as that section 12 of article 6 of the constitution is broad enough to confer such jurisdiction upon circuit courts, no reason is perceived why justices of the peace do not have concurrent original jurisdiction with those courts in such actions, where the amount sought to be recovered does not exceed $200 and the kind of action is of a character as set forth in said section 13. In our opinion the justice of the peace who rendered the judgment in controversy did not exceed his jurisdiction, for he had jurisdiction both of the persons and subject matter. The fact that the judgment directed that the sum recovered, together with costs, was to be paid "as a claim of the seventh class" does not make the judgment erroneous. *Darling* v. *McDonald, supra; McCall* v. *Lee,* 120 Ill. 261.

Appellant presented to the probate court his petition, containing a certified transcript of the justice's judgment, and prayed that it be allowed as a claim of the seventh class against the estate of appellee's intestate. This was the proper practice. The judgment having been regularly obtained, in so far as the record discloses, a duly certified copy thereof filed with that court proved the validity of the claim. Starr & Curtis, sec. 65, chap. 3, p. 218; *Darling* v. *McDonald, supra.*

It follows that the probate and circuit courts erred in denying appellant's prayer and dismissing his petition, and that the Appellate Court erred in affirming the judgment of the circuit court. The judgments are reversed and the cause remanded to the probate court.

*Reversed and remanded.*