(No. 27470.—

J. J. MOFFETT, Appellant, *vs.* EDMOND GREEN, Appellee.

*Opinion filed March 21, 1944.*

BELL, FARRAR & SCOTT, (ROBERT M. BELL, of counsel,) all of Rock Island, for appellant.

BERTRAND C. SCHUEMANN, of Moline, for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

On December 31, 1942, J. J. Moffett, the plaintiff-appellant, a resident of Geneseo in Henry county, Illinois,

instituted an action of replevin before J. W. Niebling, a justice of the peace of Moline township, Rock Island county, against Edmond Green, a resident of Davenport, Iowa, to recover possession of a protractor of the value of $50. Service of the writ of replevin was had upon the defendant, Green, at his place of employment at the Rock Island Arsenal in Coal Valley township, county of Rock Island, but outside of the city of Moline. The protractor was seized by the constable and delivered to the appellant. The defendant-appellee prayed for and was granted a change of venue to A. L. Pulver, another justice of the peace of Moline township. Upon a hearing of the cause, the justice of the peace rendered judgment for the defendant for one cent damages and costs and the return of the protractor. The township of Moline is wholly included within but not coextensive with the city of Moline.

The appellant prayed an appeal to the city court of Moline and a transcript and all the papers in the case were filed by the justice of the peace with the clerk of the city court. Thereupon the appellee filed a motion to dismiss either the appeal or the case, supported by the affidavit of his attorney showing the residence of the appellant at Geneseo, Illinois, and of the defendant at Davenport, Iowa, and calling attention to the service of process outside of Moline township. The motion further set forth that the transaction out of which the cause of action arose was outside of the city of Moline and at the Moline Airport in Coal Valley township.

The ground for the appellee's motion was that neither the city court of Moline nor the justice of the peace elected in and for the town of Moline had constitutional jurisdiction to hear and determine a cause of action arising outside of such city and township or over the person of a defendant served with process outside of such city and township. The appellant then filed a motion to strike defendant's motion to dismiss.

The city court of Moline, after considering the motions of both the appellant and appellee on the constitutional and jurisdictional questions, denied the motion to strike and rendered judgment dismissing the case on the ground that the justice of the peace of Moline township did not have jurisdiction to hear and determine the same. Since constitutional questions are involved, the appellant brings the appeal directly to this court.

In a written opinion the trial judge based his decision in granting the motion to dismiss on the sole ground of the lack of jurisdiction on the part of the justices of the peace of Moline township to hear the cause, citing in support of his ruling the case of *Werner* v. *Illinois Central Railroad Co.* 379 Ill. 559. The city court held that a justice of the peace did not have constitutional jurisdiction to try a transitory cause of action arising outside of his township and that he had no constitutional jurisdiction to issue original process for service outside of his township. His reasoning was that the constitutional provision for the election of justices of the peace in the State of Illinois was exactly parallel to the provision for jurisdiction of city courts, and that the words "in and for" used in section 21 of article VI of the constitution of 1870 limited the jurisdiction of justices of the peace to the districts in and for which they were elected, *viz.:* to the boundaries of the township.

Section 1 of article VI of the constitution of 1870 provides: "The judicial powers, except as in this article is otherwise provided, shall be vested in one supreme court, circuit courts, county courts, justices of the peace, police magistrates, and such courts as may be created by law in and for cities and incorporated towns." Section 21 of the same article provides: "Justices of the peace, police magistrates, and constables shall be elected in and for such districts as are, or may be, provided by law, and the jurisdiction of such justices of the peace and police magistrates

shall be uniform." It is the contention of the appellee that this language limits the jurisdiction of justices of the peace to causes arising within the township, and that section 1 of article 2 of "An Act to revise the law in relation to justices of the peace and constables," (Ill. Rev. Stat. 1941, chap. 79, par. 16,) insofar as it purports to vest justices of the peace with jurisdiction in their respective counties, is unconstitutional.

Since the adoption of the constitution of 1870, it has been generally recognized that the General Assembly of the State of Illinois had the power under the above sections of the constitution to determine the jurisdiction of justices of the peace. In *Durfee* v. *Grinnell,* 69 Ill. 371, it was held that a justice of the peace has jurisdiction throughout the county in which he resides. In the case of *People ex rel. Gleeson* v. *Meech,* 101 Ill. 200, where a question of the uniformity of jurisdiction was involved, it was stated: "At the time the constitution was adopted the territorial jurisdiction of justices of the peace was coextensive with their counties throughout the State, and has ever been since the organization of the government, and the constitution adopts that division until a change shall be made, which it authorizes, with the limitation that when made, the jurisdictional districts shall be uniform." In *Bradwell* v. *Wilson,* 158 Ill. 346, the court said: "The only constitutional provision regarding justices of the peace is, that they shall be elected in and for such districts as are or may be provided by law, and that their jurisdiction shall be uniform. (Const. of 1870, art. VI, sec. 21.) It is thus left to the legislature to say what that jurisdiction shall be, and, necessarily, such justices have only such jurisdiction as that body has conferred upon them."

The legislature, therefore, has the power and has definitely defined the jurisdiction of justices of the peace in civil cases as follows: "Justices of the peace shall have jurisdiction in their respective counties in the following

cases, when the amount claimed does not exceed $500.00.
* * * Fifth—In actions of replevin when the value of the property claimed does not exceed $500.00." (Ill. Rev. Stat. 1941, chap. 79, par. 16.) "The only restriction placed upon their jurisdiction limits it as to the amount involved and as to particular kinds of action. The statute does not restrict their jurisdiction over any class of persons." *Bradwell* v. *Wilson,* 158 Ill. 346.

An amendment to article 2 of the Justices and Constables Act (Ill. Rev. Stat. 1941, chap. 79, par. 19b,) provides that when a civil action is properly commenced in any township, summons may be served upon defendants not found in that township wherever they may be found in the county. We think there is a clear distinction between the jurisdiction given to justices of the peace by the constitution and the statutes of the State and that given city courts.

The case of *Werner* v. *Illinois Central Railroad Co.* 379 Ill. 559, relied upon by the appellee, shows clearly that ever since the adoption of the constitution of 1870 our courts have held that city courts shall only have jurisdiction over subject matter which arises within the prescribed territorial limits of the city.

We do not feel that the language of the sections of the constitution above quoted so limits the jurisdiction of justices of the peace, and believe that the legislature of Illinois had full power to create the districts and define the jurisdiction relating to that office.

It is also provided by section 12 of the City Court Act (Ill. Rev. Stat. 1941, chap. 37, par. 344,) that: "Appeals shall be taken in the first instance from the judgment of the justices of the peace or police magistrates in the city to the city court. Writs of certiorari may issue to remove cause from before such officers to the city court, there to be heard and determined in like manner as in the circuit court."

The city court of the city of Moline would not have original jurisdiction of this cause, but the above section of the statute gives it appellate jurisdiction. Since the judgment was rendered in a justice-of-the-peace court within the corporate limits of the city, it would seem that the matter of the appeal arose within the city limits, and under this section the appeal was properly taken to the city court.

It is our judgment that the city court of Moline erroneously dismissed this case for lack of jurisdiction, and, because of the views expressed in this opinion, the judgment of such court is reversed and the cause remanded to the city court of Moline for a trial on the merits as to the ownership of the protractor in question.

*Reversed and remanded, with directions.*

Mr. CHIEF JUSTICE SMITH, dissenting.