FIES v. FEIST.

Opinion delivered October 11, 1920.

1. WILLS—LIMITATION INCONSISTENT WITH DEVISE IN FEE.—A testator, after devising an estate in fee in land, may not in a subsequent clause impose limitations inconsistent therewith, as by authorizing the executor to dispose of such land.

2. WILLS—CLAUSES SHOULD BE HARMONIZED.—In construing a will, the various clauses should be harmonized, and each given force, if possible, as it is only where there is irreconcilable conflict between the clauses that one must give way to the other.

3. WILLS—CONSTRUCTION.—Where a testator provided for the payment of his funeral expenses and all just debts and certain benevolent bequests, and then devised the residue of his estate, real and personal, to designated relatives, a subsequent para-

graph authorizing his executor to sell and dispose of all of his real estate will be construed to authorize a sale only to pay debts, etc.

Appeal from Jefferson Chancery Court; *John M. Elliott,* Chancellor; modified and affirmed.

*Rowell & Alexander,* for appellant.

Under the will the real estate was vested absolutely in the legatees upon the death of the testator and the ninth paragraph is irreconcilable and in conflict with the paragraphs devising a fee simple title or estate and is void. 81 Ark. 480; 3 *Id.* 187; 40 Cyc. 1733 and notes. See, also, 95 Ark. 340; 82 *Id.* 213; 115 *Id.* 404; 112 *Id.* 530; 135 *Id.* 413. The ninth paragraph is repugnant and void, and the executor had no authority to sell the property and the court erred in its decision.

*Reinberger & Reinberger,* for appellee.

1. When the provisions of a will are in conflict, the last provision controls. 115 Ark. 400; 112 *Id.* 527.

2. Courts of equity have jurisdiction to construe wills containing a trust clause. 38 Ark. 435; 113 *Id.* 404; 99 *Id.* 588.

3. The ninth paragraph is not repugnant to nor inconsistent with the other clauses in the will. The court, to ascertain the intention, should look to the whole will and harmonize and give effect to each of them. 28 Ark. 102; 40 Cyc. 1416; 13 Ark. 513; 90 *Id.* 152; 31 *Id.* 580; 98 *Id.* 553; 113 *Id.* 404. Where there is a conflict the last clause prevails. 40 Cyc. 1417; Beach on Wills, p. 521, § 318; 98 Ark. 553; 72 Iowa 601. The intention of the testator will be given effect from all the provisions of the will. 115 Ark. 9; 111 *Id.* 54; 93 *Id.* 553. The ninth paragraph gives the executor power to sell and dispose of all the real estate and is not repugnant to any other clause. Courts will look to the will to ascertain if a trust is intended. It is not necessary for the words trust or trustee to be mentioned. 116 Mo. 39; 192 Mass. 79.

HUMPHREYS, J.   This suit was instituted in the Jefferson Chancery County by appellee, Morris Feist, executor of the last will and testament of Sam Fies, deceased, against appellant, Mrs. Henrietta Fies, sister-in-law of the deceased, and one of the legatees under the will, for a construction of the trust created by paragraph nine of the will.

The issue joined by the pleadings presented the question as to whether appellee had the power under the ninth paragraph of the will to sell and convey the lands devised in the will.

The first paragraph of the will provided for the payment of funeral expenses and all just debts as soon as convenient after the death of the testator.   The second and third paragraphs made small bequests for benevolent purposes.   The fourth paragraph is as follows:

"Fourth.   All the rest, residue and remainder of my estate, real, personal and mixed, wheresover situated, of which I may die seized and possessed, or to which I may be entitled at the time of my death, I dispose of as follows:"

The fifth, sixth, seventh and eighth paragraphs devised his estate in fixed proportions to his relatives, some of whom lived in this country and others in Germany.   At the end of each of the fourth, fifth, sixth and seventh paragraphs the following sentence appears: "To have and to hold unto him or them absolutely and forever."   The ninth paragraph of the will is as follows:

"Ninth.   I authorize and empower my executor, hereinafter named, to sell and dispose of all or any of the real estate of which I shall die seized and possessed, without application to or the authority of any court, at public or private sale, at such time and on such terms and conditions as he will deem meet and proper, and to execute, acknowledge and deliver all proper writings, deeds of conveyance and transfers therefor."

This will was executed on the 6th day of November, 1913.   Prior to the execution of the will, towit, on the

19th day of October, 1911, the deceased, Samuel Fies, had sold lot 4, block 23, in the Old Town to the city of Pine Bluff, Arkansas, to Edgar McCammon, for $13,000 on time, in installments of $1,000 annually. He had executed and delivered a bond for title to said real estate to said McCammon. After the death of Sam Fies, McCammon surrendered his contract, and, in exchange for the notes he had executed, conveyed the real estate by quitclaim deed to appellee, as executor of the last will and testament of Sam Fies, deceased, because McCammon was insolvent and unable to pay the indebtedness. After receiving the quitclaim deed, the executor sold the real estate in question, and, his right to sell and convey the same being questioned and in doubt, this suit followed.

Upon hearing, the chancery court construed the will as vesting the power in the executor to sell and convey all of the property of the estate.

Appellant contends that under the will the real estate was vested absolutely in the legatees upon the death of the testator, and that the ninth paragraph, empowering the executor to sell and dispose of the real estate, is in irreconcilable conflict with the paragraphs devising a fee simple title thereto, and, for that reason, is void. It is a well-established rule in this State that a testator can not, in subsequent clauses in a will, impose limitations upon an estate bequeathed absolutely by him in the first instance.

It will be observed from the fourth, fifth, sixth, seventh and eighth paragraphs of the will the remainder of the testator's property, real, personal and mixed, after payment of debts, was devised to the legatees absolutely and forever. In those paragraphs the testator was clearly dealing with the residue of his property after the payment of his debts. After making such disposition of his property, it occurred to him that the fee in the land would pass to the legatees or devisees subject to his indebtedness; that the probate court could order a sale

of the real estate for that purpose, so, to prevent that, the ninth paragraph was inserted, empowering his executor to sell all or any of his real estate at public or private sale, without application to, or the authority of, any court, and to execute and acknowledge good and sufficient conveyances therefor. If this was the intent of the testator, all sections of the will can be harmonized and stand. Any other construction would necessarily render the ninth paragraph void, as repugnant to paragraphs four, five, six, seven and eight, which devised an absolute title to the remainder of his estate to his legatees, after the payment of his debts. In construing the will, each and every clause thereof should be harmonized and given force and meaning, if possible. It is only where there is an irreconcilable conflict between the clauses that one must give way to the other. It seems to us that all the paragraphs in this will can be harmonized and given meaning by saying that, under the fourth, fifth, sixth, seventh and eighth paragraphs, it was intended that the residue of the testator's estate, after the payment of his debts, should pass absolutely to the legatees; and that the purpose and intent of the ninth paragraph was to authorize the executor to sell the real estate, if necessary for the payment of the testator's indebtedness. It follows that, if necessary to sell the real estate for the payment of the debts of the testator, any surplus remaining will be apportioned among the legatees according to the several devises.

The decree of the chancery court is therefore modified so as to construe the trust imposed in the ninth paragraph of the. will to authorize the executor to sell said real estate for the payment of the testator's indebtedness, and for no other purpose.