## KING *v.* STEVENS.

### Opinion delivered December 13, 1920.

1. COURTS—JURISDICTION OF PROBATE COURTS.—A probate court has no jurisdiction of a contest between an executor and others over property rights; its jurisdiction being confined to the administration of the assets which come under its control.

2. COURTS—JURISDICTION OF PROBATE COURTS.—While the jurisdiction of the probate court is confined to the administration of the assets that come under its control, in settling the account of an executor it has jurisdiction to ascertain the title to any legacy, to the end that the executor may pay it as directed by the will.

3. COURTS—PROBATE JURISDICTION.—Where a will gave a life estate in testator's personal property to his wife for her life and directed that at her death the residue should go to his daughter, the probate court had jurisdiction, upon exceptions to the executor's settlement, to determine whether money in the executor's hands, upon the wife's death, should go to his wife's estate or to his daughter.

4. REMAINDERS—PERSONAL PROPERTY.—At common law, an estate for life may be created in personal property of a durable nature, with remainder over, and in such cases the property remaining at the life-tenant's death is to be distributed to the remainderman.

Appeal from Columbia Circuit Court; *C. W. Smith,* Judge; affirmed.

### STATEMENT OF FACTS.

Mrs. Mary King, administratrix of the estate of Mrs. Virginia Smith, deceased, commenced this proceeding in the probate court by filing exceptions to the final account current of Henry Stevens, as the executor of the will of

R. D. Smith, deceased. The judgment of the probate court was in favor of the execution, and the administratrix appealed to the circuit court.

The facts are as follows: R. D. Smith died testate in Columbia County, Arkansas, leaving surviving him his widow, Mrs. Virginia Smith, and his daughter, Mrs. Ida Dixon. That part of the will which is material to the issues in this case is as follows:

"Third. I give and devise to my beloved wife, Virginia Smith, all the remainder of my property, both real, personal and mixed, which I may own at my death, to have and to hold during her natural life. At the death of my beloved wife aforesaid, I desire that the residue of my personal property go to my daughter, Ida Dixon, as her property.

"Fourth. At the death of my beloved wife aforesaid, I give and bequeath to my daughter aforesaid, and to her for her natural life, all the real estate which I may own at my death, and at her death I devise same to go to her children then living, in fee simple, share and share alike."

Henry Stevens duly qualified as executor under the will and took charge of the decedent's property. He mailed to Mrs. Virginia Smith, the widow of R. D. Smith, deceased, a check for money which had belonged to R. D. Smith, deceased, but she died on the 25th day of December, 1916, before she received the check. Stevens then notified the bank not to pay the check and kept the money in his possession.

Subsequently he filed his final account current and in it accounted for the money and other personal property of R. D. Smith, deceased, to Ida Dixon as legatee under the will. Mary King, who had become administratrix of the estate of Virginia Smith, deceased, filed exceptions to the account current of Henry Stevens as executor of the will of R. D. Smith, deceased. She claimed that her intestate took the personal property absolutely under the will, and that Ida Dixon was not enti-

tled to it upon the death of Virginia Smith, her mother.

The judgment of the circuit court was in favor of Henry Stevens as executor as aforesaid, and Mrs. Mary King as administratrix, as aforesaid, has duly prosecuted an appeal to this court.

*McKay & Smith,* for appellant.

1. The court had jurisdiction, and it was error to sustain the demurrer.

2. The personal property was left under the will absolutely to Mrs. Virginia Smith, and it should be delivered to the administratrix. Kirby's Dig., §§ 141-3. The probate court could not hear the exceptions, as they involved the construction of a will, but where a court has jurisdiction for one purpose, it will settle all matters in controversy. 99 Ark. 339; 172 S. W. 875. Where the question arises collaterally as a necessary incident to deciding other matters, the court has a right to settle the matter. 15 C. J. 1017; 69 Neb. 356; 5 Ann. Cas. 191; 132 N. Y. S. 268; 128 Ark. 42. Under the will the personal property was absolutely vested in Mrs. Virginia Smith. The intent of the testator must be proved and the court erred in sustaining the demurrer.

*Stevens & Stevens,* for appellee.

1. The probate court had no jurisdiction to construe the will. 1 Woerner, Adm. (2 ed.), § 155; 41 L. R. A. 207; 40 Cyc. 1842.

2. The probate court has no jurisdiction to determine title to real estate. 120 S. W. 635. See also a like case in 82 S. W. 771.

3. In the absence of a statute, probate courts have no jurisdiction to try disputed claims against an estate. 18 Cyc. 523; 116 Ark. 352; 111 *Id.* 357; 110 *Id.* 117; 55 *Id.* 222.

4. The property here goes to the remainderman. 16 Cyc. 618; 7 L. R. A. 836; 98 S. W. 104; 51 Ark. 61.

HART, J. (after stating the facts). It is first sought to uphold the judgment on the ground that the probate

court had no jurisdiction. It is true, as held in *Shane* v. *Dickson,* 111 Ark. 353, that the probate court has no jurisdiction of a contest between an executor and others over property rights, and that its jurisdiction is confined to the administration of the assets which come under its control.

It is equally well settled, however, that where the question of title to property arises collaterally as a necessary incident to the determination of other matters, which are within the court's jurisdiction, then the court can determine the question of title to the property. 15 C. J. 1017 and cases cited, and *Youngson* v. *Bond* (Neb.), 5 Ann. Cas. 191. While the jurisdiction of the probate court was confined to the administration of the assets that came under its control in settling the account of the executor under the will of R. D. Smith, deceased, it was necessary for the executor to pay the legacies to the legatees, and the probate court had jurisdiction on a judicial accounting to ascertain the title to any legacy, to the end that the executor might pay it as directed by the will.

The exceptions filed by the administratrix put in issue in the probate court the validity of the bequest of the personal property in the will of said R. D. Smith, and it was necessary for the probate court to determine the question in order to settle the account of the executor. Hence the probate court had jurisdiction to pass on the exceptions filed, and the circuit court acquired such jurisdiction on appeal.

This brings us to a consideration of the case on its merits, and this is determined by the construction to be placed upon the third section of the will. The section is set out in our statement of facts and need not be repeated here.

It is claimed by counsel for appellant that at common law and under the decision of this court in *Patty* v. *Goolsby,* 51 Ark. 61, life estates can not be created in personal property. Hence they contend that under section 3 of the will that the personal property went to Virginia Smith absolutely. We can not agree with counsel

in this contention. Under the plain language of the will the testator gave his personal property to his wife, Virginia Smith, for her natural life and at her death the remainder of his personal property went to his daughter, Ida Dixon. There is nothing decided to the contrary in *Patty* v. *Goolsby, supra.* In that case the court was talking about perishable personal property, or such articles as are consumed in the using. Besides that, the court in express terms said that the construction of the will as to the personal estate was not in issue. At common law it is well settled that an estate for life may be created in personal property of a durable nature with remainder over, and in such cases the property remaining is to be distributed to the remainderman. 2 Kent's Com. (14 ed.), p. 352; 2 Lewis' Blackstone's Com., p. 398; *Griggs* v. *Dodge,* 2 Day (Conn.), 28; *Taber* v. *Packwood,* 2 Day (Conn.), 52; *McCall* v. *Lee* (Ill.), 11 N. E. 522.

In *Wescott* v. *Cady,* 5 Johns. Ch. 334, Chancellor Kent said: "The law is too well settled to be drawn into question at this late day that a limitation of personal goods and chattels or money in remainder after a bequest for life is good." It may be said in passing that numerous decisions which sustain the text are cited by the author in 40 Cyc., p. 1614, to the same effect.

It follows that Ida Dixon was entitled to the remainder of the personal property of R. D. Smith after the death of his widow, Virginia Smith, and that Henry Stevens as executor under his will properly accounted to Ida Dixon for the same. Hence the circuit court correctly held that the exceptions to his account current should not be sustained and was right in confirming the same. Therefore, the judgment will be affirmed.