BRACKVILLE *v.* HOLT.

Opinion relivered April 25, 1922.

1. DESCENT AND DISTRIBUTION—BURDEN OF PROVING RELATIONSHIP.—One who claims to be heir to a decedent on a distribution of the estate must establish relationship to the decedent.

2. APPEAL AND ERROR—PREJUDICIAL ERROR.—Where one claiming to be the daughter and sole heir of a decedent laid claim to her estate, and her claim was contested by collateral heirs, a finding of the trial court in favor of the contestee was erroneous and prejudicial in view of the court's further finding that if the burden of proof had been upon the contestee her proof would have failed to preponderate.

3. COURTS—PROBATE JURISDICTION.—Where there was no controversy concerning the appointment of an administrator, and no question of inheritance and no prayer for distribution of the estate, the probate court had no jurisdiction to declare a person an heir of a decedent.

4. COURTS—PROBATE JURISDICTION.—The jurisdiction of the probate court is confined to the administration of estates which come under its control and to determine questions which are necessarily incident to such administration.

Appealed from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; reversed.

*Horace Chamberlin,* for appellant.

The character of a pleading is determined from its allegations and not from its name. 54 Ark. 468. On appeal from the probate court to the circuit court, the appellate court is required to try the cause *de novo,* without regard to which side perfected the appeal. C. & M. Dig., sec. 2261. The burden of sustaining an action is upon the party alleging the facts constituting the issue. 68 Ark. 284.

The trial court erred in holding that only the declarations of Mrs. Foster would be admissible for the purpose of proving pedigree. 15 Ark. 604; 24 Ark. 587; 133 Ark. 72; 17 Cyc. 822; 86 N. W. 55.

The testimony was not legally sufficient to sustain the trial court's finding in favor of appellee. 112 Ark. 47; 57 Ark. 402; 17 Cyc. 817; 85 N. E. 979; 100 U. S. 693; 229 S. W. 404; 118 Ark. 349.

*C. P. Harnwell,* for appellee.

The court properly held that the burden of proof was on the contestants. Bailey on *"Onus Probandi"* p. 322; 178 Ala. 375; 59 So. 609; 56 Am. Dec. 206; 36 L. R. A. (N. S.) 530; 113 Ga. 791; 84 Am. St. Rep. 259; 196 Ill. 71; 59 Miss. 588; 42 Am. Rep. 381; 32 N. C. 185; 36 Ore. 417; 47 L. R. A. 548; 37 S. C. 19; 60 Kan. 572; 70 Neb. 429; 71 Ala. 80; 63 Miss. 357; 51 Ill. App. 317; 4 Ind. 444; 4 Ky. Law Rep. 625; 30 La. Ann. 511; 38 Tex. 160; 108 Ark. 521; 72 Ark. 44; 97 Ark. 502; 133 Ark. 72; 134 Ark. 183; 139 Ark. 236; 24 Ark. 411.

McCULLOCH, C. J.    Mrs. Victoria E. Foster, the widow of Frank Foster, deceased, was a resident of the city of Little Rock and died intestate on May 14, 1920, leaving an estate valued at $8,000, consisting entirely of personal property.

On May 29, 1920, a petition was presented to the probate court of Pulaski County naming appellants as the collateral heirs of said decedent and asking that W. E. Lenon be appointed as administrator of the estate of said decedent.   On the same day Mr. Lenon, who was the president of the People's Savings Bank, a banking corporation in the city of Little Rock, presented an application in the name of his bank, praying that that institution be appointed as administrator of said decedent. The court granted the last-named petition and appointed the People's Savings Bank as administrator.

It does not appear from the record which one of these petitions was filed first during that day, and there was no response nor opposition to either of the petitions. There had been no objections made to the appointment either of Mr. Lenon or the People's Savings Bank.   The appointed administrator qualified and took charge of the estate of the decedent.

In the petition for the appointment of the People's Savings Bank, Daisy F. Holt was mentioned as the daughter and only heir at law of said decedent, and on June 11, 1920, she filed a plea denominated as "a response to the petition for the appointment of Mr. Lenon as ad-

ministrator," but the substance of the petition is merely a protest or contradiction of the claim of the collateral kin to the inheritance of the estate of said decedent. She alleged in that plea that she was a daughter and sole heir at law of the decedent, Mrs. Foster. She alleged also that Mrs. Foster left a last will and testament in an old trunk on the premises, and that she (appellee) was the sole beneficiary under said will. The prayer of that plea was for an order of the court for the surrender to the administrator of said trunk and contents, and that she "be decreed and adjudged to be the child and sole heir of her mother, Victoria E. Foster, and for all other proper, just and equitable relief in the premises."

Appellants, as collateral heirs, appeared and filed a response to the plea of appellee, and in that plea they denied that appellee was the child of Mrs. Foster.

The probate court, after hearing the testimony, made an order as follows: "That the proof shows that Daisy Foster Holt is the sole child and heir of the deceased, Victoria Foster; that she is the daughter of the deceased, not a foster daughter as contended for by the contestants, and the court so holds and decrees, and that, as such daughter, she is entitled to all the rights in her mother's estate given her under the common law and the statutes of Arkansas."

There was nothing embraced in the order with reference to the distribution of the estate in the hands of the administrator.

The present appellants prosecuted an appeal to the circuit court, and the cause was heard by the court on oral testimony directed solely to the question whether or not appellee was a daughter of the decedent, Mrs. Foster. The testimony was conflicting and supported a finding either way on the issue presented. There was a judgment in favor of the appellee affirming the judgment of the probate court.

In overruling the motion for a new trial, the court incorporated the following statement in the order: "And the court, after argument of counsel, finds that the evi-

dence, submitted upon the allegations of the response of contestee and the answer of contestants, is so equally balanced that the granting of a new trial is primarily dependent upon a determination of where the burden of proof properly lies. The court therefore finds that the burden of proof was properly placed during the trial upon the contestants herein, and therefore the judgment of the court was proper in sustaining and affirming the judgment of the probate court. The court further finds that, if the burden of proof was erroneously placed upon the contestants and should have been placed upon the contestee, then the contestee's proof fails to sufficiently preponderate over contestant's proof, and the judgment of the court should have been in favor of the contestants, and the judgment of the probate court reversed.''

We are of the opinion that the court erred in its ruling as to the burden of proof.

After the probate court acquires jurisdiction over the estate of a decedent, the question of inheritance can only arise upon an order for the distribution of the estate to the heirs, and a claimant to this estate must establish the right to the inheritance by proof of relationship to the decedent.

The law fixes the inheritance on proof of relationship, and, as appellee claims the right of inheritance as the daughter of the decedent, it devolves upon her to prove that relationship.

An administrator has no right to distribute the estate of his intestate until ordered by the court, and, as before stated, a claimant for the property asking for such an order must prove his or her relationship.

This is not a trial of the rights of property in an adversary proceeding, and the condition of the pleadings, therefore, has little or nothing to do with the question of the burden of proof, but the fact that a party was claiming the inheritance and asking for a distribution of the property in his or her favor casts upon the applicant the burden of establishing the inheritance by proof of relationship to the decedent.

The error of the court calls for a reversal of the judgment, for it appears, from the recitals in the order of the court, that the judgment of the court would have been different but for this erroneous conclusion as to the law of the case.

This much is said in view of a further controversy to be settled later, concerning a distribution of the inheritance, but it is also clear to us that the probate court and the circuit court on appeal were both without jurisdiction to determine the question of inheritance from said decedent upon the issues presented, and that the judgment must not only be reversed, but the cause must be dismissed.

The jurisdiction of the probate court is confined to the administration of estates which come under its control and to determine questions which are necessarily incident to such administration. *Moss* v. *Sandefur,* 15 Ark. 381; *Fancher* v. *Kenner,* 110 Ark. 117; *Shane* v. *Dickson,* 111 Ark. 353; *King* v. *Stevens,* 146 Ark. 443; *Gordon* v. *Clark,* 149 Ark. 173.

All that the court determined in the present case was that appellee was the daughter and sole heir at law of the decedent. The judgment was merely declaratory in its effect, for nothing else was before the court. There was no controversy concerning the appointment of the administrator, and there was no question of inheritance involved in the prayer that one of the appellants be required to turn over the old trunk, containing the Bible and alleged will, to the administrator. Nor was there any prayer for the distribution of the estate. In fact, the time had not arrived for a final distribution of the estate, and such distribution could only have been ordered upon the execution of bond for the refund of the part so distributed. Crawford & Moses' Digest, § 216 *et seq.*

The question of inheritance could only arise as an incident to the distribution of the estate; and, since there was no prayer for distribution, the court had no jurisdiction to declare the right of inheritance.

The judgment is therefore reversed, and the cause remanded, with directions to dismiss the proceedings for want of jurisdiction.

HUMPHREYS, J., (dissenting). The majority are mistaken in their statement that there was no prayer for distribution of the estate. By reference to the original pleading of appellants it will appear that they asked that "the estate be distributed to them as tenants in common after the payment of any debts which may be due by said estate." It is true that the time had not arrived for final distribution of the estate, as suggested by the majority, but the estate and all the parties interested therein were before the court, except the creditors, if there were any. They were protected under the prayer, which requested that distribution be made subject to the claims of creditors against the estate. While the parties, by agreement, could not confer jurisdiction upon a court where it had no jurisdiction, the subject-matter involved here was a matter over which the probate court had exclusive jurisdiction, and, the parties being before it, it seems to me that they might waive the time and thereby empower the court to adjudicate the matter at the time instead of later. The parties treated the suit as one for distribution, and having waived the time therefor, which prejudiced no one, it was, in my opinion, the duty of the probate court to distribute the estate, subject to the indebtedness, if any, to the parties entitled thereto. The result of the opinion of the majority is to require the parties to again litigate in the same court the same issues involved in the record now before this court on appeal. This is an unnecessary burden to place upon the parties when they themselves have not raised the question that the application for distribution was premature.

I agree with the majority that the burden rested upon appellee to prove that she was the daughter of the deceased, and that the circuit court erred in placing the burden on appellant, and that on this account the case should be reversed. I cannot agree with the majority

in directing a dismissal of the proceedings. I think the judgment should have been reversed, and the cause remanded for further proceedings. Therefore, I dissent from the majority in directing a dismissal of the case.