HUGHES v. STRICKLAND.

Opinion delivered June 20, 1927.

1. WILLS—LIFE ESTATE.—A will devising land "for payment of legacies" *held* to convey only a life estate and not a fee simple, where the will construed as a whole indicated that such was the testator's intention.

2. WILLS—"SOLE USE OF WIFE"—CONSTRUCTION.—Though it was not essential that the testator recite that the property was for the sole use of his wife to give her fee simple title, the presence of this language in one paragraph and its absence in another *held* to be considered in ascertaining the testator's intention.

3. WILLS—DEVISE OF RESIDUARY ESTATE.—A will devising the residue of an estate to the testator's wife for life with the remainder to their children, *held* not to admit of interpretation that a mere suggestion or recommendation was being made, and that the wife really took fee simple estate.

4. WILLS—DEVISE OF LIFE ESTATE.—A provision in a will devising land to a wife held to pass only a life estate, though legacies were charged against the devise to the wife, instead of against the testator's estate.

5. WILLS—RULES OF CONSTRUCTION.—Rules of construction are to enable courts to arive at the testator's intention, and are to be invoked only when that intention is doubtful.

Appeal from White Chancery Court; *W. P. Beard,* Special Chancellor; reversed.

*Brundidge & Neelly,* for appellant.

*John E. Miller* and *Cul L. Pearce,* for appellee.

SMITH, J. This appeal involves the construction of the will of W. R. Strickland, which reads as follows:

"That I, W. R. Strickland, of West Point, in the county of White and State of Arkansas, of sound mind and disposing memory, do make and publish this my last will and testament, hereby revoking all former wills by me at any time heretofore made.

"1. I hereby constitute and appoint my wife, M. T. Strickland, to be the sole executrix of my last will, directing my said executrix to pay all my debts and funeral expenses and the legacies hereinafter given out of my estate.

"2. After the payment of my said debts and funeral expenses I give to each of my children, namely, R. C. Strickland, one dollar; Tom Strickland, one dollar; W. A. Strickland, one dollar; Laura Maloy, one dollar; Levi Strickland, one dollar; E. Strickland, one dollar; J. R. Strickland, one dollar; and Nancy V. Nunn, one dollar, and Clemmy Hughes, one dollar, to be paid to each one of them as soon after my decease, but within one year, as convenient may be done.

"3. And for the payment of the legacies aforesaid I give and devise to my said executrix all the personal estate, money and notes owned by me at my decease, and

the southwest quarter of the southeast quarter of section 26, township 7 north, range 6 west, and the south half of the south half of the northwest quarter of the southeast quarter of section 26, township 7 north, range 6 west, containing 50 acres, more or less.

"4. I give to my said executrix all my household furniture and wearing apparel for her sole use.

"5. I devise to my said executrix all the residue of my estate as long as she shall live, with the remainder, at her decease, to go to my children, respectively, share and share alike.

"6. In testimony whereof I hereto set my hand and publish and declare this to be my last will and testament in the presence of the witnesses named below, this the sixth day of April, 1921."

Strickland died in 1922, and his will was duly probated, and on the 22d of May, 1925, Mrs. M. T. Strickland, his widow, deeded the land above described to her son Levi, one of the beneficiaries named in the will. Mrs. Strickland died intestate in November, 1925.

The other children insist that Mrs. Strickland took only a life estate in the property of the testator, and they pray that the will be so construed and the property ordered divided accordingly. The court denied the relief prayed, and held that Mrs. Strickland took a fee simple title to the property devised, subject only to the legacies of $1 to each of the children, and this appeal is from that decree.

We do not concur in the view of the court below in the construction of this will. It is our opinion that a life estate was devised, with a remainder over to the testator's children, share and share alike.

In the case of *King* v. *Stevens*, 146 Ark. 443, 225 S. W. 656, it was held that an estate for life might be created in personal property of a durable nature, with a remainder over, and, in such cases, the property remaining at the life tenant's death is to be distributed to the remaindermen. The record before us does not present the question as to what personal property owned by the

testator was of that durable nature that a life estate therein might be created.

To sustain the construction of the will given it by the court below, the case of *Bernstein* v. *Bramble,* 81 Ark. 480, 99 S. W. 682, 8 L. R. A. (N. S.) 1028, 11 Ann. Cas. 343, is relied upon. The will in that case provided: ''All the rest, residue and remainder of my estate, real as well as personal, and wheresoever situated, I hereby devise, give and bequeath to my beloved wife, Minna Elle, to have and to hold the same in fee simple forever. But in the case of the death of my beloved wife it is my will that all the estate then remaining and not disposed of by her by a last will or other writing shall pass to my said brother, Moritz Elle, and my sister, Henrietta Bernstein, or their heirs, in equal parts.''

It was there held that the property referred to was devised to the wife of the testator in fee simple ''with an absolute power of disposition, either by sale or devise, clearly and unmistakably implied,'' and that the limitation over to the heirs of the testator was void. Mr. Justice BATTLE there quoted with approval from Underhill on Wills, vol. 2, § 869, as follows:

'' 'It is the rule that, where property is given in clear language *sufficient to convey an absolute fee,* the interest thus given shall not be taken away, cut down or diminished by any subsequent vague and general expressions. This rule is applied where a fee is given, either expressly or by words of limitation, as to a person and his heirs, or by implication by a devise in general language through the operation of the modern statutes. If it is clearly the intention of the testator that the devisee *shall own the fee simple,* his subsequent language, directing that what remains of the property at the death of that devisee shall devolve upon a particular person or class of persons, will not cut down the fee to a life estate. The fee, being vested by express and appropriate words, will not be diminished by subsequent words of a vague and general character which are absolutely repugnant to the estate granted.' ''

The opinion in that case contains quotations of similar purport from Redfield on Wills and from Page on Wills.

Appellees also quote a syllabus from the case of *Fies* v. *Feist,* 145 Ark. 351, 224 S. W. 633, which reads as follows: "A testator, after devising an estate in fee in land, may not, in a subsequent clause, impose limitations inconsistent therewith, as by authorizing the executor to dispose of such land."

We think, as has been said, that a fee was not devised, and we reach this conclusion from a consideration of the will in its entirety. It will be remembered that paragraph 1 of the will directs the executrix "to pay all my debts and funeral expenses and the legacies hereinafter given out of my estate," and the third paragraph provides that, "for the payment of the legacies aforesaid I give and devise to my said executrix all the personal estate, money and notes owned by me at my decease," and the land there described.

The devise contained in paragraph 3 is not to the wife as such, but "to my said executrix," and if the intention of the testator had been to give to the wife the absolute title to all the property described in that paragraph, the paragraph next following is entirely meaningless. By the paragraph numbered 4 the testator gives to his executrix all his "household furniture and wearing apparel for her sole use." The devise in paragraph 3 does not recite that it was in fee or for the sole use of the executrix. On the contrary, the recital is that it was for the payment of the legacies.

Of course, it was not essential that the testator recite that the property was for the sole use of his wife to give her a fee simple title, if the language employed indicated that purpose. But the presence of this language in one paragraph, and its absence in the other, is a circumstance to be taken into account in arriving at the intention of the testator, and the purpose of all rules of construction is to arrive at this intent.

The second syllabus in the case of *Fies* v. *Feist,* *supra,* reads as follows: "In construing a will, the various clauses should be harmonized, and each given force, if possible, as it is only where there is irreconcilable conflict between the clauses that one must give way to the other."

The fifth paragraph of the will reenforces the conclusion we have announced, for by it the testator devises to his wife "all the residue of my estate as long as she shall live, with the remainder, at her decease, to go to my children respectively, share and share alike."

In the case of *Bernstein* v. *Bramble, supra,* Mr. Justice BATTLE said that the rule that, where property is given in clear language sufficient to convey an absolute fee, it shall not be taken away, cut down or diminished by subsequent vague and general expressions, is to be applied when the fee is given either expressly, by words of limitation, as to a person and his heirs, or by implication by a devise in general language, through the operation of modern statutes. But we think there was no express devise of the fee by paragraph 3 of the will, and we are also of the opinion that the intention of the testator cannot be determined without reading paragraphs 4 and 5 in connection with paragraph 3. When all these paragraphs are read together it does not appear that paragraphs 4 and 5 cut down, take away or diminish an estate in fee given by paragraph 3, but the last paragraphs must be read in connection with paragraph 3 to arrive at the testator's intent.

Appellees insist that, by paragraph 5 of the will, the testator merely intended to suggest that the "remainder" at the death of the wife should go to the children share and share alike. The language employed, however, does not admit of the interpretation that a mere suggestion or recommendation was being made. The testator expressly devised to his executrix the "residue" of his estate as long as she shall live, with the "remainder" at her decease to his children. We think it was clearly the intention of the testator to give his children something

more than the dollar each mentioned in paragraph 2, and that something was the "residue" of his estate after the same had been enjoyed by his wife until her death.

In the case of *Galloway* v. *Sewell,* 162 Ark. 627, 258 S. W. 655, it was held that, generally, the use of a thing does not mean the thing itself, but that the user is to enjoy, hold, occupy or have in some manner the benefit thereof.

Appellees quote § 290 of the chapter on wills in 28 R. C. L., page 307, which reads as follows:

"The charging of a legacy on a devise may in itself be an indication as to whether the devisee was intended to receive a fee or a life estate. Where a devisee whose estate is undefined is directed to pay the testator's debts or legacies or a specific sum in gross, such devisee presumably takes an estate in fee, and the rule that devises of land without words of limitation or description pass nothing but a life estate will not be applied. In other words, a devise which would otherwise give only a life estate may confer an estate of inheritance if the testator imposes a personal charge on the devisee. A distinction has been drawn between cases where the payment of the testator's debts is charged upon the estate, and where the charge is on the person of the devisee, in respect of the estate in his hands, and it has been held that, in the latter case alone, the devisee takes a fee."

The insistence is that the charge of the legacies against the devise to the wife under the rule just quoted is an indication that the testator intended that the fee should pass. The origin and reason of this rule is considered by the Supreme Court of the United States in the case of *McCaffrey* v. *Manogue,* 196 U. S. 563, 25 S. Ct. 319, 49 L. ed. 600. In that case the legatees were children and a grandchild of the testator, and each was given real property in Washington City. A daughter was given several pieces of real estate and certain personal property, and the will provided that the daughter should "pay funeral expenses and any other legal debts I may owe, also to care for my lot in Mount Olivet cemetery."

Mr. Justice McKenna there said:

" 'The rule of law which. gives a fee where the devisee is charged with a sum of money is a technical dominant rule, and intended to defeat the effect' of the artificial rule established in favor of the heir at law, that an indefinite devise of land passes nothing but a life estate."

Speaking further of these conflicting rules of construction, the learned Justice said:

"It is altogether a strange tangle of technicalities. Apply either of them or both of them, and we defeat the intention of the testator. Are we reduced to this dilemma? We think not; nor need we dispute the full strength of the rule in favor of the heir at law. It cannot be applied when the intention of the testator is made plain. It cannot be applied when the purpose of the testator, as seen in the will, cannot be carried out by a devise of a less estate than the fee. *Bell County* v. *Alexander,* 22 Tex. 350, 73 Am. Dec. 268. The policy of the law in favor of the heir yields, we repeat, to the intention of a testator, if clearly expressed or manifested. That policy, the reason for it and the elements of it, is expressed strongly by Mr. Justice Story in *Wright* v. *Denn,* 10 Wheat. 204, 227, 228, 6 L. ed. 303, 309: 'Where there are no words of limitation to a devise, the general rule of law is that the devisee takes an estate for life only, unless, from the language there used or from other parts of the will, there is a plain intention; because, if it be doubtful or conjectural upon the terms of the will, or if full legal effect can be given to the language without such an estate, the general rule prevails. It is not sufficient that the court may entertain a private belief that the testator intended a fee; it must see that he has expressed that intention with reasonable certainty on the face of his will. For the law will not suffer the heir to be disinherited upon conjecture. He is favored by its policy; and, though the testator may disinherit him, yet the law will execute that intention only when it is put in a clear and unambiguous shape."

The will there construed was held to devise to each legatee an estate in fee, but this was done because, as the learned Justice said, the testator had "put in a clear and unambiguous shape" that intention. The testator had devised all his property and had attempted to make an equal division thereof among his children and grandchild, and there was no residuary clause disposing of a remainder if only life estates were devised.

In volume 2 (6th ed.) Schouler on Wills, §§ 1177 and 1178, the author says that the old common-law rule of construction, that a devise of lands to A simply conferred an estate for life only, unless an intention was disclosed in the will to the contrary, has, by legislation and interpretation, been modified, and that "this modern rule treats a devise of lands, though without words of limitation, as passing the fee simple to the devisee, unless an intention appear to the contrary. The natural scope of the will, as gathered from all its parts, thus settles in fine the question whether or not a devise in fee or such other complete interest as the testator had power to dispose of shall pass, or instead a mere usufruct and temporary enjoyment."

The hazard of defeating a testator's manifest intention by the application of rigid rules of construction is pointed out by the learned Justice in the case of *McCaffrey* v. *Manogue, supra,* where he said:

"In the construction of wills we are not required to adhere rigidly to precedents. We said, in *Abbott* v. *Essex Co.,* 18 How. 202, 213, 15 L. ed. 352, 355: 'If wills were always drawn by counsel learned in the law, it would be highly proper that courts should rigidly adhere to precedents, because every such instrument might justly be presumed to have been drawn with reference to them. But in a country where, from necessity or choice, every man acts as his own scrivener, his will is subject to be perverted by the application of rules of construction of which he was wholly ignorant.' "

In this connection we may say that the purpose of all rules of construction is to enable the courts to arrive

at the intention of the testator, and are to be invoked only when that intention is in doubt.

In the will which we are here called upon to construe the intention of the testator to practically disinherit his children is not stated clearly and in unambiguous language. On the contrary, the residuary clause manifests the intention that the wife shall use and enjoy the property of the testator for her life, and that, after her death, the "residue" shall "go to" the testator's children, share and share alike.

The decree of the court below will therefore be reversed, and the cause remanded with directions to enter a decree conforming to this opinion.