GILES *v.* SCOTT.

4-8821                                                    221 S. W. 2d 44

Opinion delivered June 6, 1949.

Rehearing denied July 4, 1949.

*Murray O. Reed, Wm. C. Gibson* and *W. A. Leach,* for appellant.

*George B. Segraves, Jr., A. G. Meehan, Virgil R. Moncrief* and *John W. Moncrief,* for appellee.

GRIFFIN SMITH, Chief Justice.   Dan Burks died intestate February 27, 1947, owning real and personal property. Helen Scott, representing herself to be a daughter, was granted letters of administration March 4. Jesse Burks, residing in Detroit, was named in the application as the only other heir. On April 3d Lucile Giles petitioned for removal of the administratrix, and asked that the Peoples National Bank of Stuttgart be re-

strained from disbursing any part of $809 the intestate had on deposit. Lucile alleged that Helen was not Dan's daughter, but that she (Lucile) was Dan's only living child. Probate Court enjoined the Bank from disbursing the cash fund; whereupon Helen, by petition with exhibits, asked that certain directions Dan gave shortly before he died be construed as an assignment of the bank balance with joint interest and survivorship.

A great deal of testimony relates to the personal affairs and various marriages of Dan, and like conduct by Helen and Lucile—a summary of which is not important in reaching a decision.

Probate Court refused to resolve the conflict between Lucile and Helen respecting their true relationship to Dan, but "decreed" that Dan had entered into a contract with Helen to leave his property to her. This agreement, said the Court, was based on a valuable consideration, hence Helen was "justly, equitably, and legally" entitled to the net estate.

Effect of this order was to decree specific performance of the contract Helen claimed her father made with her; and, while there was evidence sustaining the contention, the matter was not within Probate jurisdiction. Rights contended for by Helen were essentially equitable, and as such should have been presented to a court of Chancery. Probate Court determines "questions of inheritance" when making orders for distributive interests. *Brackville v. Holt,* 153 Ark. 248, 239 S. W. 1059, 241 S. W. 32.

That part of the order dismissing Lucile's attack on appointment of the administratrix and directing payment of a $30 claim will be affirmed, as will the restraining order directed to the Bank. In other respects the judgment is reversed.